# Collett v. Commonwealth.

October 18, 1949.

Hiram H. Owens for appellant.

A. E. Funk, Attorney General, and Robert J. Watson, Commonwealth's Attorney, for appellee.

JUDGE KNIGHT—Affirming.

This suit was brought under the local option statute, KRS Chapter 242, to abate a nuisance and to padlock

for a period of six months the building in which the alleged nuisance was committed. Defendants named were Hubert Collett and Odell Collett, and the petition alleges that the place of business conducted by them in Pineville, known as the Terminal Restaurant, is operated in an illegal manner and the building is being used for illegal purposes; that said building is being used for the storage and sale of illicit beer and intoxicating liquors; that drunken, boisterous and rowdy men and women congregate therein in riotous assemblies and that gambling is unlawfully conducted therein. Hubert Collett answered denying the allegations of the petition. Odell Collett filed his answer denying the allegations of the petition and by way of counterclaim stated that subsequent to August 2, 1949, the date on which said property was raided, to wit on September 9, 1949, he purchased the business of Terminal Restaurant and has operated it in a lawful manner; that he had no connection with the operation of the restaurant at the time when the illegal acts complained of occurred and prays that the petition be dismissed as to him. Upon trial of the case and on motion of Odell Collett the temporary restraining order was dismissed and an injunction denied as to him. The same motion was denied as to Hubert Collett and on September 21, 1949, a judgment was entered permanently enjoining for a period of six months the use of the property described for any and all purposes. This appeal is from that judgment.

## What the Proof Shows

The evidence taken in the case is in substance that on August 2, 1949, an investigator for the Alcoholic Control Board assisted by a trooper from the State Police, under proper warrant, searched the property complained of and at that time found therein ten half pints of gin and thirty-four cans of beer; that Hubert Collett was in charge of the place when the search was made; that Hubert Collett was arrested and executed bond. Zelma Vanbeber, judge of the Police Court of Pineville, testified that the general reputation of the Terminal Restaurant for selling beer and intoxicating beverages and for what is known as "bootlegging" is bad; that it is shown by the records of his court that Hubert Collett, who was operating said restaurant, entered a plea of guilty to the charge of possessing beer and intoxicating

beverages in local option territory on September 1, 1948, and was fined $100 and costs. Pearl Osborne, chief of police of Pineville, testified that he had made raids on the Terminal Restaurant operated by Hubert Collett and in one raid of the place had found intoxicating liquors and six cases of empty beer cans, and on another occasion had found one full case of beer and twenty-two additional cans; that he had arrested drunks on the street who came out of the restaurant; that the general reputation of the place for having possession of and selling beer and whiskey and for bootlegging was bad.

The defendants did not testify. The principal testimony introduced in their behalf was that of Mary B. Lewis, owner of the building in which the restaurant is located, who testified that she did not know the place was being improperly used until after the raid of August 2, although she had heard rumors; that after the raid, upon the advice of counsel, she permitted Hubert to surrender possession to Odell Collett who has since paid her the rent. E. B. Wilson, an attorney, testified that after the property was searched in August 1949, he drew the papers transferring the business and the lease and all interest Hubert Collett had in the place to one Millard Delk. Edna Perry, deputy county clerk of Bell County, testified from her records that on August 16, 1949, Hubert Collett executed to Millard Delk a bill of sale for the entire Terminal Restaurant and all fixtures and stock therein, including the good will, trade name and the lease on the real estate, and that this bill of sale was recorded.

### The Law of the Case

KRS 242.310 provides that any person knowingly or intentionally renting or permitting the use of, or using, any premises, or part thereof, for the purpose of unlawfully selling or·possessing intoxicating liquors in dry territory, shall be guilty of a nuisance and a violation of this chapter of the statutes.

KRS 242.340 provides that any Commonwealth's attorney may maintain an action in equity in the name of the state to enjoin any nuisance described in KRS 242.-310. This suit was brought by the Commonwealth's attorney under the authority of this section.

KRS 242.350 (1) provides that if it be made to appear to the satisfaction of the court that a nuisance described by KRS 242.310 exists, a temporary injunction shall forthwith issue, restraining the defendant from conducting or permitting the continuance of the nuisance until the conclusion of the trial. In this case the court, which was evidently satisfied that a nuisance did exist as provided in the above subsection, issued a temporary injunction which was effective until the conclusion of the trial. With that we are not concerned on this appeal. Subsection (2) of KRS 242.350, which is the principal one involved on this appeal, provides as follows: "It shall not be necessary for the court to find the property involved is being unlawfully used as described in KRS 242.310 at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no alcoholic beverages shall be sold, bartered or stored on the premises or vehicle, or any part thereof. Upon judgment of the court ordering the nuisance abated, the court may order that the premises or vehicle shall not be occupied or used for six months."

One of the grounds for reversal raised by appellant is that there was no evidence or any showing by the Commonwealth that there was any violation of the law after August 2, 1949, when the search revealed the presence of intoxicating liquors in the building located in local option territory. It is his contention that it must be shown that there was a continuing violation. He concedes that under the language quoted above it is not necessary to show that the violation continued to the date of the trial but he contends that the language implies that there must be a showing that the violation existed on the date the suit was filed which in this case was September 10, 1949. We do not so construe the statute. We think the plain intent of section 2 is that the action may be brought for violations occurring within a reasonable time prior thereto and that it is not necessary that it continue up to the time of the filing of the suit. If it were otherwise it would often be impossible to enforce this section and to carry out the apparent legislative intent.

The principal ground relied on for reversal is that neither the owner of the property nor the tenant of the property at the time the suit was brought was made a

party to the action and since this is an action in rem the court could not, in effect, padlock the property by enjoining for a period of six months the use of the property for any and all purposes. We think this contention is well taken but is not ground for reversal as to Hubert Collett, only appellant herein. The only parties to the suit were Hubert Collett and Odell Collett. The proof showed that at the time complained of on August 2, 1949, and for violations prior thereto and as to the general reputation of the place prior thereto, as testified to by the police judge and chief of police of Pineville, Hubert Collett was responsible, being the owner and in charge of its operations. He sold and transferred his interest in the restaurant and the lease on the real estate to Millard Delk on August 16, 1949, and so far as the record shows Delk was the owner on the day this suit was brought on September 10, 1949. This may have been a "wash sale." The record does not show who Millard Delk is and Odell Collett in his answer and counterclaim says he (Odell Collett) bought the restaurant from Hubert Collett. This makes the transaction look suspicious but it was incumbent on the Commonwealth to develop this point, determine the real owner of the restaurant at the time suit was brought and make that party a defendant so that his rights could be determined. Since this is an action in rem against the property as well as in personam against the person guilty of the violation all parties affected must be made parties and brought before the court. The suit was dismissed as to Odell Collett and he is not before us on this appeal. Since the owners of the property, shown by the evidence to be Mary B. Lewis and her sister, and the present owner of the restaurant, shown by the evidence to be Millard Delk, were not parties to the suit, the judgment can have no effect on them. The only effect of the judgment therefore is to enjoin Hubert Collett from using the premises described for any purpose for a period of six months.

So much of the judgment as applies to Hubert Collett is affirmed.