## Commonwealth ex rel. v. Covington.

February 14, 1950.

As Corrected and Extended on Denial of Rehearing June 2, 1950.

E. H. Stahr, Judge.

Farland Robbins for appellant.

McDonald & Boaz for appellee.

MORRIS, COMMISSIONER—Reversing.

Acting under authority of KRS 242.340, the county attorney of Graves County instituted action against

460

Covington, and the premises involved, to abate an alleged nuisance. His petition in substance alleged that Covington, within the year and within about a week prior to the filing date, was knowingly and intentionally renting, using and permitting the use of a described place of business (a restaurant) in Mayfield for the purpose of selling, possessing and otherwise trafficking in alcoholic beverages in local option territory. It was also alleged, as is permitted under the statute, that appellee had the reputation for engaging in the traffic of prohibited beverages, (2), KRS 242.320. These allegations substantially follow the language of the statute.

It was charged that shortly before the institution of the suit an officer of the A. B. C. Board purchased from an employee, a waiter in Covington's restaurant, one-fifth of a gallon of whiskey for $10. On the same day a search warrant was procured, its execution resulted in the finding of a large quantity of whiskey, smaller quantities of rum, brandy and gin, and more than two gallons of grain alcohol. It was also alleged that in May 1942 Covington had been convicted in the quarterly court on a charge of trafficking in intoxicating liquor in local option territory.

The prayer of the petition is that the defendant be declared guilty of a nuisance; that fixtures used in connection with the nuisance be taken and treated as provided in the statute; that the nuisance be abated, the building in which the business was being conducted be not occupied for a period of six months thereafter. KRS 242.350 (1) provides that the court "if it is made to appear that a nuisance described by KRS 242.310 exists" may issue a temporary restraining order; such an order was issued and executed. Later Covington demurred generally and at the same time moved the court to require plaintiff to file certified copies of the search warrant, the supporting affidavit and the judgment. The plaintiff filed these requested documents.

The trial order shows that the court on motion of defendant made these exhibits parts of the petition. The matter was then submitted on demurrer to the "amended" petition. The court sustained it; plaintiff declines to plead further; the petition was dismissed and the appeal is from that order.

It is apparent from the record and particularly

from the briefs of both parties that the court concluded that the evidence obtained by means of the search warrant was incompetent and therefore inadmissible, though the case had not been submitted on merits. The briefs are very exhaustive in respect of these points, and for us to take up and discuss the numerous decisions, pro and con, would consume, as we view the case, unnecessary time and space. We say this because the question of the propriety of the court's ruling does not require at this stage of the proceeding, consideration of the search warrant, the affidavit, or perhaps the judgment referred to in the petition.

The statute KRS Ch. 242, or sections thereof which relate to the matter of abatement of an alleged nuisance, is a special proceeding, preventive rather than punitive in its nature and effect, and if substantially followed will sustain an action for abatement. Section 242.310 provides that any person knowingly or intentionally renting, or permitting the use of, or using any premises or any part thereof for the purpose of unlawfully selling or possessing intoxicating liquor in dry territory, shall be guilty of a nuisance and a violation of Ch. 242, KRS. It is not necessary to call attention to the sections of the statute which prohibit the sale or possession of alcoholic beverages in local option territory.

KRS 242.350 (2) provides, "It shall not be necessary for the court to find the property involved is being unlawfully used as described in KRS 242.310 at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order the abatement of sale or storage of alcoholic liquors on the premises," and may order the padlocking of the building for a period of six months. A reading of the statute manifests that the proceeding is chiefly one in rem to prevent the use of premises for illegal sales or storage of alcoholic beverages.

A careful reading of the petition shows that, insofar as the statute provides, it contains sufficient material allegations to constitute a good cause, stripped of the portions strenuously objected to by appellee, and which constitute evidence. The petition alleges that appellant was or had been renting and using the described property for the purpose of violating the local option law in the manner described in KRS 242.310.

It is fair to say that when the instant case was tried this court had not decided Collett v. Com., 311 Ky. 218, 223 S. W. 2d 877, and Osborne v. Com., 311 Ky. 223, 223 S. W. 2d 894. They will throw much light on the questions discussed and contentions made in briefs. For instance, in construing Sec. 242.350 (2) KRS as to lapse of time, where the sale was charged to have been made in August and petition filed more than one month thereafter, we held in answer to the contention that there was no showing of a continuing and existing violation, that the intent of the statute is that the action may be maintained for violations occurring within a reasonable time prior thereto, and it is not necessary that violations continue to the time of suit or trial, giving cogent reasons for the holding.

It is not necessary to determine in this case whether a charge of a single sale alone will justify a proceeding for abatement, as was held in Schneider v. Com., 232 Ky. 199, 22 S. W. 2d 587, a forfeiture case. The single sale justified the search warrant, and the allegation may be properly considered along with the other allegations of the petition.

It is noted in the instant case that it is alleged that appellee was the renter of the described premises; the name of the owner is not given, nor was the owner made a party. This situation arose during the trial of the Collett case, and we said that when this defect was made manifest, and the owner made known, the Commonwealth should have made the owner a party defendant because of the padlocking provision of the statute. However, we indicated that notwithstanding the omission, a judgment of abatement would be valid as against the operator, and operation of the premises for illegal use for a period of six months.

Being of the opinion that the challenged petition is in substance sufficient as to material allegations, the judgment sustaining the demurrer is reversed with directions to enter an order overruling.

Judgment reversed.