KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD

v.

JACOBS.

Court of Appeals of Kentucky.

June 4, 1954.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellant.

Harry L. Hargadon, Louisville, for appellee.

COMBS, Justice.

The question is whether a statute which permits the Alcoholic Beverage Control Board to padlock and close a place of business is constitutional. The trial court held the statute to be unconstitutional and enjoined the Board from closing defendant's place. On motion of the Board we dissolved the injunction because we did not want to pass on the constitutionality of the statute in an injunction proceeding without the case being fully prepared. The case now is before us on its merits.

The Board cited the defendant, Bernard W. Jacobs, doing business as The Louisville Stork Club, for permitting a fugitive from the law to enter his premises when assurances had been given the Board in the form of an affidavit that this person would not be allowed upon the premises.

After a hearing, the Board entered an order on November 20, 1952 revoking defendant's beer and liquor license and directing that the premises be padlocked until the following June 30, 1953. An appeal was taken by Jacobs to the Franklin Circuit Court. The circuit court sustained that part of the Board's order which revoked defendant's licenses, but set aside that part of the order which directed that the premises be padlocked.

The Board has appealed from that part of the judgment which holds the padlocking statute to be unconstitutional. The statute in question, KRS 241.060(6), reads:

"The Board shall have the following functions, powers and duties:

"(6) To close, lock and bar, for a period not to extend beyond the following June 30, any premises in or upon which a violation of KRS Chapter 241, KRS 243.020 to 243.670, or KRS Chapter 244 has taken place. * * *"

Heretofore in this state the power to padlock or close a place of business for illicit practices in connection with the liquor business has been exercised exclusively by the courts. The courts have exercised the power on the theory that the manner in which the business was conducted constituted a nuisance. The question has usually been presented in a proceeding brought by a public official to abate the nuisance and restrain the use of the property for a stated period. Collett v. Commonwealth, 311 Ky. 218, 223 S.W.2d 877. For similar practice in other states see United States v. Reisenweber, 2 Cir., 288 F. 520; Gabriel Building Co. v. State, 125 Ohio St. 642, 186 N.E. 5; State v. Richardson, 128 Kan. 627, 278 P. 752.

■ The suppression of a nuisance injurious to public health or morals is among the most important duties of government. The state, in the exercise of its police power, has authority to prevent or abate a nuisance and under this power the Legislature has authority, subject to constitutional limitations, to declare what shall be deemed a nuisance and to provide for its suppression. Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385; People v. Jones, 329 Ill.App. 503, 69 N.E.2d 522; 39 Am.Jur., Nuisances, section 12.

■ The Legislature may also prescribe the conditions which will constitute a nuisance and then confer on local boards or tribunals the authority to exercise in that connection the police power of the state, when in the judgment of such bodies the conditions described in the statute exist. Balch v. Glenn, 85 Kan. 735, 119 P. 67, 43 L.R.A.,N.S., 1080; State ex rel. McCurdy v. Bennett, 37 N.D. 465, 163 N.W. 1063, L.R.A.1917F, 1076; 39 Am.Jur., Nuisances, section 15.

■ In conjunction with its power to declare what shall be deemed a nuisance, the Legislature also may, within limitations, delegate to administrative agencies and boards the authority to determine whether a certain condition constitutes a nuisance. State v. Keller, 108 Neb. 742, 189 N.W. 374, 25 A.L.R. 115; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116.

■ Frequently, power has been conferred upon health boards to abate nuisances dangerous to health and such a delegation has almost always been upheld. Ashland-Boyd County Health Dept. v. Riggs, Ky., 252 S.W.2d 922; Purnell v. Maysville Water Co., 193 Ky. 85, 234 S.W. 967, 23 A.L.R. 223. But the exercise of such power is justified only upon a finding of conditions equivalent to a nuisance; i. e., a condition injurious to life, health or morals. We know of no other theory under which the Legislature could delegate to an administrative board the authority to close a place of business. Arbitrary power over the lives, liberty, and property of its citizens does not exist in a Republic. Section 2, Constitution of Kentucky.

The business of selling intoxicating liquors was recognized as legitimate at common law and cannot be said to constitute a nuisance unless it is made so by statute, or unless the business is so conducted as to bring it within the general definition of a nuisance. 30 Am.Jur., Intoxicating Liquors, section 486, page 508.

■■ The statute in question gives the ABC Board power to padlock a place of business merely upon a finding that there has been a single violation of any of the provisions of Chapter 241 or Chapter 244 of the Kentucky Revised Statutes. Conceivably, the Board might order a place

padlocked because a single sale had been made on credit, or to a minor, or after the prescribed closing hour. The Board's authority is not dependent upon a finding that a nuisance exists as is the authority of a court under KRS 242.310 or 242.350. Moreover, this statute not only gives the Board authority to stop the sale of whisky on the premises; it also confers upon the Board authority to prevent the premises from being used for any other purpose. This amounts, in effect, to a taking of private property and it is elementary that private property cannot be taken, even by the state, without due process of law. Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Darlington v. Board of Councilmen of City of Frankfort, 282 Ky. 778, 140 S.W.2d 392.

■ Although the phrase "due process" is somewhat nebulous and not always susceptible of accurate definition, it cannot be said to be present here under any definition. It is not contended that the Board has the authority which a criminal court would have to impose a penalty for past offenses. Punitive action by the Board can be justified only on the theory that such action has some reasonable connection with abating or preventing conditions which would constitute a nuisance. Yet, as already pointed out, the statute does not make the Board's action dependent upon the existence of a nuisance. It is suggested by the Commonwealth that even though the statute may be technically erroneous in conferring too much power upon the Board, it should not be presumed that the Board will abuse that power. We have not given effect to any such presumption. On the contrary, we have full confidence that such power as is conferred upon the Board by the statute will be exercised by it with caution and restraint. But in passing on the constitutionality of a statute, a court is required to consider possibilities and not probabilities. Chesapeake & Ohio Ry. Co. v. City of Silver Grove, Ky., 249 S.W.2d 520; Babb v. Bullitt, 310 Ky. 211, 220 S.W.2d 394.

We have not overlooked Schneider v. Commonwealth, 232 Ky. 199, 22 S.W.2d 587,

in which it was held that a single sale of whisky in dry territory under the circumstances there shown to exist was sufficient to constitute a nuisance under KRS 242.310. But that case is not controlling here. The emphasis there was on the fact the sale was made in dry territory, which necessarily required a finding that the whisky was being kept in dry territory for purposes of sale, which is a nuisance per se under KRS 242.310.

■ In order that the requirements of due process of law be satisfied, the litigant must be afforded procedural due process as well as substantive due process. Sheilds v. Utah Idaho Central R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337. This includes a hearing, the taking and weighing of evidence, if such is offered, a finding of fact based upon consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action. See the cases cited above and St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033, concurring opinion of Brandeis, J.; Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018.

■ The statute in question, KRS 241.-060(6), does not specifically provide for a hearing in padlocking cases, and does not provide for an appeal from such an order. However, it does not prohibit either a hearing or an appeal. Since the statute does provide for a hearing in proceedings to revoke or suspend a license, we will construe it as also requiring a full and fair hearing in proceedings to padlock.

■ The fact that the statute is silent on the right of appeal in padlocking cases does not render it invalid. There is an inherent right of appeal from orders of an administrative board where constitutional rights are involved. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Fischer v. Haeberle, D.C., 80 F.Supp.

652; Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018; City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; Gianforte v. Board of License Com'rs for Baltimore, 190 Md. 492, 58 A.2d 902.

█ While the statute, as we construe it, is not lacking in procedural due process, we are of the opinion that the failure of the statute to make a padlocking order contingent upon a finding by the Board of the existence of a nuisance renders it unconstitutional.

The judgment is affirmed.