C. T. WALKER et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 20, 1955.

Lyttle & White, Roy W. House, Manchester, for appellants.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

The appellants, C. T. Walker and Dick Wagers, Jr., were convicted for having moonshine whiskey in possession for the purpose of sale, and each received a $100 fine and thirty days in jail. A motion for appeal has been filed by each.

The sole question involved is whether a sheriff serving a temporary restraining order to abate an alleged liquor nuisance issued without notice under the provisions of KRS Chapter 242 is authorized to search the premises named therein.

The indictment charged that the appellants had in possession one-half pint of untaxed whiskey, commonly known as moonshine whiskey, for the purpose of sale. This whiskey was obtained by a search of the premises of the appellant, C. T. Walker, upon the occasion of the service of a temporary restraining order issued against him. The sheriff of Clay County and other officers, upon arrival at the premises, found appellant Dick Wagers, Jr., in charge. Appellant Walker was a short distance away, but came to the premises upon request of the sheriff. He was then informed of the sheriff's mission. It is admitted that the sheriff did not have a search warrant for the premises and had not made an arrest prior to the time the whiskey was found.

The restraining order of the Clay Circuit Court directed the sheriff to padlock all entrances to the building. He discussed the matter with Walker and advised Walker to take any meats or anything else that might spoil out of the house. At no time was permission requested or granted to search the premises. It was while the sheriff was checking inside the building to see if anything had been left that might be damaged that he discovered beer in a Coca Cola box, three jars of whiskey in a paper box under the table, one jar in a dresser drawer, and another one-half pint somewhere about the premises.

It may readily be seen that the whiskey was discovered by the sheriff by an invasion of the rights of the appellant in violation of Section 10 of the Constitution of Kentucky, providing:

"The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

The temporary restraining order was issued under KRS 242.350 relating to the abatement of an alleged liquor nuisance, but this statute is a special proceeding which is to be used as a preventive measure rather than as a punitive measure in its nature and effect. A search of the premises is not authorized by such an order. Commonwealth v. Covington, 313 Ky. 458, 231 S.W.2d 67.

On the trial, the motion to suppress the evidence should have been sustained and the testimony excluded. The motions for appeal are sustained and the judgments are reversed.