**Paul JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

Phipps & Phipps, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Appellant, Paul Johnson, was convicted in the Boyd Circuit Court of the offense of possessing alcoholic beverages for the purpose of sale in dry territory, and his punishment was fixed by the jury at a fine of $100 and sixty days in jail. KRS 242.230, KRS 242.990. He has moved this court to grant him an appeal, and the conviction must be reversed because the Commonwealth, over objection of appellant's attorney, was permitted to introduce whisky found in appellant's apartment by police officers who entered without a search warrant.

The evidence for the Commonwealth reveals that on February 4, 1956, Clay Callihan, Deputy Sheriff of Boyd County, and C. E. Hodge had in their possession a warrant for the arrest of one Irene Davis Patrick, charging her with contributing to the delinquency of juveniles. The warrant listed her address as 337½ Thirteenth Street, Ashland, Kentucky, which is a second floor apartment over the office of Magistrate Tivis Maggard. The appellant resided in the same city at 333½ Thirteenth Street, a second floor apartment over the Big Sandy Restaurant. Access to the two apartments is by a common stairway between the Magistrate's office and the restaurant. At the top of the stairwell on the landing, 337½, the apartment of Mrs. Patrick is to the left. The appellant's apartment, 333½, is to the right, directly across from Mrs. Patrick's.

For some reason not clarified in their testimony, the officers, instead of first looking for Mrs. Patrick in her apartment at the address listed on the warrant, entered immediately into appellant's apartment and found therein twenty-five half pints of whisky, which the Commonwealth was permitted to introduce as evidence at appellant's trial. It is conceded the officers did not have a search warrant for the appellant's premises, but only a warrant for the arrest of Mrs. Patrick. The officers stated that as they mounted the common stairway they met a man and asked him if Irene Patrick was up there and he said yes. On the stair landing they met another man coming out the door of appellant's apartment and asked him if Irene Patrick was in there. He said no, but the officers entered the apartment anyway. They were not invited to enter by appellant.

Appellant's apartment and the apartment of Irene Patrick are joined by a large common room which would ordinarily be a hallway, but which is formed by a partition across the hallway at the top of the stairway, leaving only the stair landing outside the partition. The officers met appellant in this apparently vacant room as he came out the back doorway of Irene Patrick's apartment. The back doorway to the woman's apartment and also to appellant's are merely door frames without doors hung in them, so that the apartments are accessible through the common room. However, the officers entered appellant's apartment first, and at the time they met appellant in the common room they had already searched through his apartment and

discovered the whisky. Moreover, the whisky was not in open view in appellant's apartment, but was enclosed in a paper sack. Certainly, the officers had no reasonable grounds to believe Mrs. Patrick was in that sort of a sack, and, we reiterate, they did not have a search warrant for appellant's apartment but only a warrant for the arrest of Irene Patrick.

It is readily apparent that the whisky was discovered by the officers by an invasion of the rights of appellant in violation of Section 10 of the Constitution of Kentucky. Walker v. Commonwealth, Ky., 279 S.W. 2d 816. On the trial, all evidence obtained as to the result of the illegal search should have been rejected.

The motion for an appeal is sustained and the judgment is reversed.

CAMMACK, J., dissenting.