**Ancil JACKSON et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, by and on Relation of Cawood SMITH, County Attorney, Appellee.**

Court of Appeals of Kentucky.

Feb. 22, 1957.

Joseph K. Beasley, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., Cawood Smith, County Attorney, Harlan, for appellee.

WADDILL, Commissioner.

This action was instituted to enjoin the appellants from conducting their business in a manner which constitutes a nuisance under KRS, Chapter 242. The court granted the relief sought and ordered the premises padlocked for a period of six months. KRS 242.350(2). The parties stipulated that the amount in controversy exceeds $2,500.

The evidence introduced in behalf of the Commonwealth established that appellants possessed a current federal liquor tax stamp in territory where the local option law was in effect; that appellants' place of business had a reputation as an establishment where intoxicating beverages were possessed and sold unlawfully; and that appellants had for many years prior to this suit allowed their premises to be used continuously as a place harboring violations of the law.

Appellants urge that the suit was not brought within a reasonable time after the violations occurred. Also that the evidence relied on to support judgment was erroneously considered by the court because the most recent violation was shown to have occurred five months prior to the filing of this action.

In Osborne v. Commonwealth, 311 Ky. 223, 223 S.W.2d 894, we said:

"We think the plain intent of Section (2) of KRS 242.350 is that the action may be brought for violations occurring within a reasonable time prior thereto, and that it is not necessary that the violations continue up to the time of the filing of the suit." See also Commonwealth v. Covington, 313 Ky. 458, 231 S.W.2d 67.

It is our conclusion that the action was brought within a reasonable time after the violations occurred, and that the proof was competent and sufficient to support the judgment entered by the circuit court.

Judgment affirmed.