Ernest BULLOCK, Appellant,

v.

PEABODY COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–924–WC.

Supreme Court of Kentucky.

Sept. 1, 1994.

A.V. Conway, II, Hartford, for appellant.

Walter E. Harding, William P. Swain, Boehl, Stopher & Graves, Louisville, for appellee Peabody Coal Co.

David Randall Allen, Cathy Utley Costell, Angeline B. Golden, Labor Cabinet—Special Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

Claimant filed a claim for compensation benefits on November 21, 1989, in which he alleged that he had contracted coal workers' pneumoconiosis and that December 31, 1987, was the date of his last exposure. The evidence of whether claimant suffered from the disease was conflicting and ranged from evidence that claimant did not have the disease to evidence of category 1/1 disease. Dr. Wright testified that, although the nodulation he observed could be consistent with pneumoconiosis, it was his opinion that the type of nodulation claimant exhibited was most consistent with healed tuberculosis.

After reviewing the evidence, the Administrative Law Judge (ALJ) concluded that claimant had not contracted pneumoconiosis and dismissed the claim. No petition for reconsideration was filed.

Claimant appealed to the Workers' Compensation Board (Board) asserting: 1.) that the ALJ's decision was void because he had not yet been confirmed when the decision was rendered; 2.) that the ALJ had a conflict

of interest due to his previous employment with the Special Fund, a party in this case; and 3.) that the evidence compelled a decision in his favor. The Board affirmed the decision of the ALJ, and that decision was affirmed by the Court of Appeals. This appeal followed.

■ It is not disputed that the ALJ who decided this case on December 16, 1991, had been appointed but not confirmed by the Senate when the decision was rendered. Final Senate confirmation did not occur until March 5, 1992. In 1991 and 1992, the appointment of ALJs was addressed by KRS 342.230(5), which provided as follows:

> (5) Any vacancy in the term of an administrative law judge shall be filled by appointment of the board, with the consent of the Senate, for the remainder of the term. In the event the Senate is not in session at the time of the appointment to fill the vacancy, the consent of the Senate shall be obtained during the time the Senate next convenes.

This provision clearly provided for the appointment of an ALJ at a time when the Senate is not in session. Claimant's argument is that, although an ALJ could be appointed when the Senate was not in session, the ALJ could not serve until the appointment was confirmed. However, such a view would result in vacancies in positions for ALJs for periods of as much as two years between sessions of the General Assembly, seriously hindering the prompt disposition of workers' compensation claims. Because the prompt disposition of claims by injured workers is one of the public policy considerations underlying workers' compensation legislation, as is evidenced by KRS 342.275 and KRS 342.285(3), we do not believe that the legislature intended such an interpretation. Furthermore, had such an interpretation been intended, the last sentence of KRS 342.-230(5) would have been redundant.

We also note that our interpretation of the legislature's intent is consistent with KRS 11.160(1), as amended effective July 14, 1992, after this ALJ's confirmation. This provision sets forth in detail the procedure to be followed whenever Senate confirmation is required by statute and provides, in pertinent part, as follows:

> (1) When a statute specifically requires Senate confirmation of an appointment by the Governor or by other appointing authority, the appointment shall be handled in the following manner:
>
> . . . .
>
> (e) During periods when the General Assembly is not in session, the Governor's or other appointing authority's power of appointment shall not be diminished, and nominees may assume the responsibilities of the position pending confirmation. During that period, they shall be considered for all purposes to have been appointed and to be lawful occupants of the post to which they have been nominated, except that they shall be subject to the confirmation process when the General Assembly is next in regular session or special session called for the purpose of confirming the nominees.

It is clear that as of July 14, 1992, KRS 342.230(5) and KRS 11.160(1) authorized an ALJ to assume the responsibilities of the position of ALJ pending confirmation by the Senate. We believe that the legislature intended for KRS 342.230(5) to produce the same result with regard to the appointment of ALJs before the effective date of the 1992 amendment to KRS 11.160(1).

■ We do not agree with claimant's assertion that this ALJ's previous employment with the Special Fund created a conflict of interest under the facts of this case. A judge should disqualify himself from hearing a matter in which he has been directly involved or of which he had personal knowledge. SCR 4.300, Code of Judicial Conduct, Canon 3. In the instant case there is no evidence that the ALJ had any direct involvement in or personal knowledge of this claim prior to his employment as an ALJ. See, *Poorman v. Com.*, Ky., 782 S.W.2d 603 (1989), cert. den., 497 U.S. 1008, 110 S.Ct. 3249, 111 L.Ed.2d 759 (1990). Furthermore, the Special Fund bears no liability for retraining incentive benefits awarded pursuant to KRS 342.732(1)(a), the maximum benefit for which the evidence shows claimant to have been eligible.

Where the party with the burden of proof fails to prevail before the finder of fact, his burden on appeal is to prove that the evidence in his favor was so overwhelming that it compelled a finding in his favor and that no reasonable person would have failed to be persuaded by it. *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986); *REO Mechanical v. Barnes,* Ky.App., 691 S.W.2d 224, 226 (1985). In view of the evidence presented, we do not believe that the Board committed an error in assessing the evidence so flagrant as to cause gross injustice. Accordingly, the Court of Appeals properly affirmed the Board in that regard. *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685, 688 (1992).

The decision of the Court of Appeals is hereby affirmed.

All concur.