Robert L. WHITTAKER, Acting Director
of Special Fund, Appellant,

v.

Larry ALLEN; Union Gas Company; Mark C. Webster, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Larry ALLEN, Appellant,

v.

UNION GAS COMPANY; Robert E. Spurlin, Director of Special Fund; Mark Webster, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

UNION GAS COMPANY, Appellant,

v.

Larry ALLEN; Robert L. Whittaker, Acting Director of Special Fund; Mark Webster, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 97–SC–838–WC to 97–SC–840–WC.

Supreme Court of Kentucky.

April 16, 1998.

Joel D. Zakem, Louisville, for Whittaker and Spurlin.

Charles A. Saladino, Barclay W. Banister, Paducah, for Allen.

John P. Rall, Teresa Moss Groves, Boehl, Stopher, & Graves, Paducah, for Union Gas Company.

## OPINION OF THE COURT

Claimant sustained a work-related back injury on April 15, 1982, for which he was awarded a permanent, total disability by the "old" Workers' Compensation Board. Liability was apportioned 43% to the employer and 57% to the Special Fund. On December 19, 1994, the employer moved to reopen the award in order to contest certain medical expenses. In obtaining evidence relative to the motion, the employer learned that claimant was repeatedly bending, kneeling, and performing other strenuous activity while working on automobiles. Therefore, on August 14, 1995, the employer moved to reduce the award of income benefits, alleging that claimant no longer was totally occupationally disabled.

The Administrative Law Judge (ALJ) concluded that the contested medical expenses were not compensable. In determining that claimant's occupational disability had decreased to 80% since the original award, the ALJ relied upon testimony from Ms. Spissinger, who had conducted surveillance of the claimant, and upon medical evidence from Drs. Rosenbaum and Weiss. The ALJ explicitly chose to disregard as unreliable the videotapes which purported to demonstrate claimant's ability to perform certain activities since the subject's face was not clearly visible. Benefits for an 80% permanent, partial disability were ordered payable for 425 weeks from August 14, 1995, the date of the employer's motion to reduce benefits. The award was apportioned equally to the employer and the Special Fund.

Pursuant to petitions for reconsideration by the employer and the Special Fund, the ALJ corrected the apportionment of the reopened award so that it was consistent with the original apportionment. The ALJ rejected the Special Fund's argument that, pursuant to the version of KRS 342.120(4) which was in effect at the time of the injury, the employer should make all payments to the claimant and be reimbursed quarterly by the Special Fund. The Special Fund's assertion that the reduced award at reopening should be limited to 425 weeks from the date of injury also was rejected. Claimant and the Special Fund appealed, and the employer cross-appealed.

After reviewing the evidence as recited by the ALJ and discussing the scope of the ALJ's authority as the finder of fact, the Workers' Compensation Board (Board) concluded that the ALJ's conclusions were supported by substantial evidence of record and that contrary results were not compelled. In the face of testimony by Ms. Spissinger and Drs. Rosenbaum and Weiss to the effect that claimant's physical capabilities were greater than he admitted, the Board was not persuaded that the ALJ's conclusion concerning claimant's credibility was unreasonable, indicated improper bias, or constituted a reversible error. The Board also concluded that claimant had a meaningful opportunity to be heard and that his due process rights were not violated by the fact that one ALJ presided over the hearing on the claim but a different ALJ rendered the decision. *Kentucky Alcoholic Beverage Control Board v. Jacobs,* Ky., 269 S.W.2d 189 (1954); *Utility Reg. Comm. v. Kentucky Water Service Co., Inc.,* Ky., 642 S.W.2d 591 (1982); *Bullock v. Peabody Coal Co.,* Ky., 882 S.W.2d 676 (1994); *Bentley v. Aero Energy, Inc.,* Ky.App., 903 S.W.2d 912 (1995). The defendants' argument that the reopened award should run from the date of injury rather than from the date of the motion to reopen was rejected. However, recognizing the principle that the law in effect on the date of injury controls the rights and obligations of the parties, the Board reversed the ALJ to the extent that the payment method contained in the version of KRS 342.120(4) which was in effect on the date of injury was not applied to the award at reopening.

The Court of Appeals noted that the Board had failed to correct an ALJ misstatement concerning claimant's knowledge of auto mechanics. Finding no reversible error in view

of the totality of the evidence, the Court of Appeals affirmed the decision of the Board in all respects. All parties appeal.

■ Claimant argues that the evidence compelled a finding that he remained totally occupationally disabled at reopening. However, having reviewed the arguments which he raises and the opinions below, we are persuaded that the view of the evidence which was taken by the Board and the Court of Appeals in affirming the decision of the ALJ was neither patently unreasonable nor flagrantly implausible. Furthermore, we are not persuaded that they misapplied the law with regard to their assessment of the evidence or that a gross injustice will result. *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992).

■ In arguing that the award of an additional 425 weeks of benefits was erroneous, the employer and the Special Fund note that the version of KRS 342.730(1)(b) which was in effect on the date of injury provided that benefits for permanent, partial occupational disability were payable:

> for a maximum period, from the date the disability arises, of four hundred and twenty-five (425) weeks, .... Any temporary total disability period within the maximum period for permanent, partial disability benefits shall not extend the maximum period....

*Acts* 1980, ch. 104, § 15. They also note that it was not until July 15, 1982, that the word "not" was deleted from the last sentence. *Acts* 1982, ch. 278, § 23. The argument emphasizes that claimant's total disability proved to be only temporary, that his permanent disability proved to be *only* partial, and that claimant had already received more than 425 weeks of benefits at reopening. Since the applicable version of KRS 342.730(1)(b) authorized the payment of partial disability benefits for 425 weeks from the date of injury, including any period of temporary total disability, they assert that claimant was not entitled to any additional benefits at reopening. We disagree.

■ Claimant was found to be permanently and totally disabled as a result of his injury. Therefore, pursuant to the principles of *res judicata* he continued to be permanently and totally disabled for the purposes of Chapter 342 until that finding was superseded. *Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893 (1992). Regardless of whether claimant's total disability proved to be only temporary rather than permanent, both on the date of injury and at reopening, KRS · 342.125(1) provided that a reopening "shall not affect the previous order or award as to any sums already paid thereunder." The courts have consistently construed that phrase to require that a motion to reopen which is premised upon a change of condition may not have a retroactive effect. When reopening is granted, the prior award remains in effect until the date of the motion to reopen, with payments under the new award beginning on that date. See *Hayden v. Elkhorn Coal Corp.*, Ky., 238 S.W.2d 138 (1951). Just as an award increasing benefits for a particular disability begins on the date of the motion to reopen, regardless of the date upon which the worker actually suffered the increase in disability, an award decreasing benefits also begins on the date of the motion to reopen. Here, there has never been an assertion that the original finding of permanent, total disability constituted a mistake from the outset. The reopening was premised upon a finding of a change of condition. Therefore, we are persuaded that a retroactive application of the finding of permanent, partial disability would be improper.

The defendants are correct in their assertion that a worker who is partially disabled and subsequently suffers an increase in that partial disability is entitled to the increased benefit from the date of the motion to reopen for the balance of the 425-week period. However, that is because KRS 342.730(1)(b) authorizes only a 425-week award for partial disability due to a particular injury, despite the fact that the disability is permanent, while KRS 342.730(1)(a) authorizes a lifetime award for permanent, total disability. In the original proceeding claimant was found to be

totally disabled. It was not until August 14, 1995, the date of the motion to reopen, that he became partially disabled for the purposes of Chapter 342. Therefore, it was from that date that his award was reduced in order to permit only an additional 425 weeks of benefits calculated pursuant to KRS 342.730(1)(b) instead of lifetime benefits calculated pursuant to KRS 342.730(1)(a).

As a final matter, we wish to express concern at what appears to be a cavalier attitude on the part of this ALJ. In this case and others which have come before the Court, ALJ Webster has expressed himself in a manner which undermines confidence in his decision-making process. At the beginning of his findings of fact, the ALJ declared, "Good news! Larry Allen has had a remarkable recovery from his three surgeries and stimulator implant." One also finds the statement, "It seems like everyone in Paducah testified in this case." This case concerned whether a worker previously determined to be totally disabled by a back injury had recovered to the extent that the previous award should be modified. Obviously, this was a matter of serious concern to the parties, particularly to the injured worker. Under those circumstances, levity on the part of the decision-maker is inappropriate.

The decision of the Court of Appeals is affirmed.

All concur.

GRAVES, J., not sitting.