KENTUCKY BOARD OF MEDICAL
LICENSURE, Appellant,

v.

Honorable Stephen P. RYAN, Jefferson
Circuit Court Judge, Appellee,

and

Diane E. Shafer, M.D., Real
Party in Interest.

No. 2004–SC–0010–MR.

Supreme Court of Kentucky.

Oct. 21, 2004.

Rehearing Denied Jan. 20, 2005.

C. Lloyd Vest II, Louisville, Counsel for
Appellant.

J. Fox DeMoisey, Demoisey & Smither,
Stephen P. Ryan, Louisville, Counsel for
Appellee Diane E. Shafer, M.D.

Opinion of the Court by Justice
WINTERSHEIMER.

The Kentucky Board of Medical Licen-
sure appeals from an order of the Court of
Appeals denying CR 76.36 relief after the
Jefferson Circuit Court ordered the Board
to conduct a hearing on Dr. Shafer's mo-

tion to vacate the Board's order revoking her license.

Pursuant to its statutory authority, the Board issued an order of revocation on April 21, 1994, revoking Dr. Shafer's medical license. The basis of that order was threefold: 1) that Dr. Shafer submitted forms to the West Virginia Workers Compensation Fund on behalf of a patient, knowing they contained false statements; 2) that she engaged in unprofessional conduct with Hearing Officer Greg Holmes in a prior revocation case; and 3) that she was convicted of the felony offense of bribing a public servant.

The Board determined that each of the grounds set out above, in and of themselves, mandated revocation. For that reason, and despite the fact that the felony conviction had been reversed, the order of revocation was ultimately affirmed by the Jefferson Circuit Court, which found that the other charges were supported by substantial evidence. The Court of Appeals also affirmed the revocation based on a similar rationale and this Court denied discretionary review.

On September 18, 1998 the West Virginia Board of Medicine issued an order revoking Dr. Shafer's medical license because of: 1) the falsified documents submitted to the Workers Compensation Fund; 2) the relationship with Holmes; and 3) the revocation of license in Kentucky. The Circuit Court in West Virginia, however, reversed the revocation order, primarily because the proceedings then before the court should have been disposed of on the merits in a previous disciplinary proceeding against Dr. Shafer. That court also stated that the Board's findings were clearly wrong. The West Virginia Supreme Court of Appeals affirmed the decision of the circuit court.

On December 13, 2001, Dr. Shafer filed a CR 60.02 motion in Jefferson Circuit Court asking it to vacate its August 21, 1994 order affirming the order of revocation. The grounds for that motion were based on: 1) the statement made by the West Virginia Circuit Court that there was not substantial evidence to support the order of revocation in that state; and 2) various acts of extrinsic fraud.

The circuit judge originally denied the motion, but after reconsideration, he ordered the Board to conduct a hearing on Dr. Shafer's motion to vacate the Board's order of April 21, 1994. The Court of Appeals denied the Board's petition for a writ of prohibition, determining that the Board had failed to demonstrate that it would suffer great and irreparable injury without the issuance of a writ and that it lacks an adequate remedy by appeal. This appeal followed.

The Board argues that the circuit judge was acting outside his jurisdiction by ordering it to conduct a CR 60.02 hearing. It contends that the circuit judge is acting erroneously, to its irreparable injury, by ignoring the law of the case doctrine. The Board asserts that Dr. Shafer has not presented any compelling equitable reason to invoke CR 60.02, rather than limiting her to the relief provided by KRS 311.607.

Dr. Shafer responds that the circuit judge is appropriately operating within his inherent authority as a circuit judge and also within and in conformity with applicable statutory requirements. She argues that the Board cannot suffer irrevocable injury by affording a due process hearing. Dr. Shafer claims that the Board's position that she should reapply for medical licensure pursuant to KRS 311.607 is not all that it seems.

 Whether to grant or deny a petition for a writ is not a question of jurisdiction, but of discretion. *Bender v. Eaton,* Ky., 343 S.W.2d 799, 800 (1961) ("The ex-

ercise of this authority has no limits except our judicial discretion."). A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. *See Id.*

Here, the Court of Appeals abused its discretion in denying the writ. The circuit judge had no authority, explicit or implicit, to order the Board to conduct a CR 60.02 type hearing. The statutes governing judicial review of final orders of the Board, KRS 311.593 and KRS 13B.150, do not support the action taken by the circuit judge. Those statutes limit the court to reviewing final orders of the Board and that review has already been conducted.

CR 60.02 certainly does not authorize the action taken by the circuit judge. That rule states in relevant part:

> On motion *a court* may, upon such terms as are just, relieve a party or his legal representative from *its* final judgment, order, or proceeding upon the following grounds... (Emphasis added).

By its own terms, the rule does not apply to the Board, only to a court and its final judgment, order or proceeding.

■ Nor do the Board's enabling statutes authorize or provide for such a hearing. In fact, "...an administrative agency does not have any inherent or implied power to reopen or reconsider a final decision and ... such power does not exist where it is not specifically conferred upon the agency by the express terms of the statute creating the agency." *Phelps v.*

*Sallee*, Ky., 529 S.W.2d 361, 365 (1975). Instead, the proper avenue of relief is for Dr. Shafer to seek reinstatement under KRS 311.607.

We conclude that the circuit judge was without jurisdiction to order the Board to hold a CR 60.02 type hearing and that it has no adequate remedy by appeal. Accordingly, we hold that the Court of Appeals abused its discretion when it denied the Board's petition for a writ of prohibition. We reverse and remand to the Court of Appeals for the entry of a writ of prohibition against the circuit judge.

COOPER, JOHNSTONE and KELLER, JJ., concur.

LAMBERT, C.J., dissents by separate opinion and is joined by GRAVES and STUMBO, JJ.

Dissenting Opinion by Chief Justice LAMBERT.

I respectfully dissent from the majority opinion on the following three grounds: First, the decision to grant or deny an extraordinary writ is a matter of discretion, and the Court of Appeals did not abuse that discretion [1]; second, the Kentucky Board of Medical Licensure (KBML) has failed to make the necessary showing of "irreparable injury" and "inadequate remedy by appeal" entitling it to extraordinary relief; and third, the trial court acted within its discretion in granting the CR 60.02 motion, applying KRS 13B.150, and ordering KBML to conduct a due process hearing in light of new evidence. One important basis for KBML's order revoking Dr. Shafer's Kentucky medical license was a West Virginia criminal conviction that was overturned on appeal. As that basis no longer exists, and it is impossible to determine the extent to which it influ-

1. *Bender v. Eaton*, Ky., 343 S.W.2d 799, 800 (1961).

enced the decision to revoke, I would reinstate the trial court's order requiring a new due process hearing.

I discern no irreparable injury to KBML by requiring it to conduct a new due process hearing. While acknowledging the existence of an adequate remedy by appeal of the trial court's CR 60.02 order, KBML argues that it will suffer irreparable injury if it is forced to conduct the due process hearing ordered by the trial court. The grounds for these contentions are that an executive branch agency will not be able to contest the authority of a trial court to order such a hearing. This is unfounded and inconsistent with enabling statutes,[2] CR 60.02, KRS 13B.150, KRS 311.593, and due process of law. KBML would not be foreclosed from contesting the circuit court's authority to order a CR 60.02 hearing on appeal, and therefore the primary claim of irreparable injury is unfounded. Moreover, KBML characterizes such a due process hearing as "illegal conduct," a characterization I regard as an intemperate overstatement.

Fairness requires courts to afford a party affected by an administrative order procedural due process.[3] Any administrative proceeding that affects a party's rights, and that does not afford an opportunity to be heard is arbitrary. We have repeatedly held that an arbitrary hearing is not supported by substantial evidence.[4] It was well within the authority of the trial court to review its own orders. Upon learning of the new evidence of a vacated criminal conviction in West Virginia and evidence of false statements to the KBML during the license revocation hearing, the trial court properly ordered the KBML to conduct a new administrative hearing.

As KBML failed to show that it would suffer irreparable injury and that there was no adequate remedy by appeal, the Court of Appeals did not err in denying the extraordinary writ. For these reasons, I respectfully dissent and would affirm the Court of Appeals.

GRAVES and STUMBO, JJ., join this dissenting opinion.

---

2. KRS 311.530–311.620.

3. *American Beauty Homes Corp. v. Louisville,* Ky., 379 S.W.2d 450, 456 (1964), *citing Kentucky Alcoholic Beverage Control Board v. Jacobs,* Ky., 269 S.W.2d 189 (1954).

4. *Id., citing Thurman v. Meridian Mut. Ins. Co.,* Ky., 345 S.W.2d 635 (1961).