## Walker v. Commonwealth.

(Decided April 29, 1924.)

### Appeal from Fulton Circuit Court.

1. Intoxicating Liquors—Evidence Held to Show Defendant Knew Sale of Jamaica Ginger was for Beverage Purposes.—Evidence held sufficient to sustain a finding that defendant knew that Jamaica ginger that he sold was intended for beverage purposes, under Prohibition Act 1922, section 26.
2. Intoxicating Liquors—Instruction as to Knowledge of Use of Jamaica Ginger for Beverage Held Not Erroneous.—In prosecution under Prohibition Act 1922, section 26, for selling Jamaica ginger as a beverage, an instruction largely in language of statute as to defendant's knowledge of purchaser's intention held not open to objection.

ED THOMAS and JESS F. NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Walker was indicted in the Fulton circuit court for the sale of Jamaica ginger as a beverage, under section 26 of the prohibition act, 1922, and convicted and his punishment fixed at a fine of $300.00 and confinement in the county jail for sixty (60) days.

Subsections a, b, c, and d of section 26 read as follows:

"(a) Denatured alcohol or denatured rum produced and used as provided by laws and regulations now or hereafter in force.

"(b) Medicinal preparations manufactured in accordance with formulas prescribed by the United States Pharmacopœia, National Formulary or the American Institute of Homeopathy that are unfit for use for beverage purposes.

"(c) Patented, patent and proprietary medicines that are unfit for use for beverage purposes.

"(d) Toilet, medicinal and antiseptic preparations and solutions that are unfit for use for beverage purposes."

The same section of the act contains the following:

"Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c, and d of this section for beverage purposes or any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose, or shall sell any beverage containing one-half of one per centum or more alcohol by volume in which any extract, syrup or other article is used as an ingredient, shall be subject to the penalties provided by this act."

Appellant insists that he has not been proven guilty because the evidence was insufficient to show that he knew or could have known or deduced from the surrounding circumstances that the sale of Jamaica ginger, which he admits he made to the prosecuting witness, was for beverage purposes. The prosecuting witness testified in substance that he lived about eight (8) miles in the coun-

try and that he came to Fulton on the day on which the sale was made and went direct to the place of business of appellant Walker and purchased from him three bottles of Jamaica ginger containing more than 90 per cent alcohol and one bottle of coco-cola with which to make a highball; that immediately after making the purchase he retired to the rear end of the store in which appellant was then waiting upon another customer, and made a highball of the Jamaica ginger and the coco-cola into which he put one bottle of Jamaica ginger and then drank the whole as a highball. So far as the record shows this was in the presence of appellant, at least it was in the store where the sale was made and where appellant was working. The witness then went away and later returned and bought another bottle, but this time he mixed it with water only and drank it, from which he became intoxicated to such an extent that the police force of the city caused a warrant to be issued for him. With the assistance of his friends he evaded the officers and went home, where he remained for several weeks in order to avoid arrest on the warrant. When he came back to town he was arrested on a charge of drunkenness. It was upon his evidence, as briefly stated above, that appellant was convicted. One further fact was proven by him—that he frequented appellant's place and bought Jamaica ginger. It was proven by other witnesses that they were acquainted with appellant's reputation for trafficking in Jamaica ginger and that it was bad. It incidentally appears that he was once convicted of the same offense and appealed from the judgment to this court.

Inasmuch as appellant sold three bottles at one time to the witness, together with a bottle of coco-cola with which to make a highball, and appellant drank one bottle of the ginger as a beverage in the presence of appellant and later came back and bought another bottle of Jamaica ginger and made a highball of the Jamaica ginger and water, we think that the evidence was entirely sufficient to warrant the jury in concluding that appellant Walker knew or had such facts and circumstances before him as would justify a jury to impute to him knowledge that the witness was buying Jamaica ginger for beverage purposes and not for the purpose for which it was manufactured and intended to be used.

Appellant complains of instructions given to the jury, especially that part which told the jury "that at

the time the defendant knew, or he sold same to the witness under such circumstances as the defendant could have reasonably deduced that the said witness bought same (Jamaica ginger) with intention to use it himself as a beverage;'' but we think that the instruction presented the law of the case, for it is largely in the language of the statute copied above. Upon the whole we think appellant had a fair trial and the judgment must be upheld.

Judgment affirmed.