## Cravens v. Commonwealth.

(Decided November 28, 1924.)

## Appeal from Fulton Circuit Court.

1.  Intoxicating Liquors—Evidence of Defendant's Bad Reputation, though Insufficient Alone to Sustain Conviction, is Admissible.— In prosecution for liquor violations, evidence of defendant's bad reputation in that respect, though insufficient alone to sustain conviction, is admissible as substantive evidence.

2.  Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Sale of Jamaica Ginger.—Evidence held to sustain conviction for sale of Jamaica ginger, under circumstances indicating purchaser's intent to use as beverage.

3.  Criminal Law—Weight of Conflicting Evidence is for Jury.—
    Weight of conflicting evidence is for jury.

HESTER & STAHR for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under an indictment charging him with selling to Wilse Pruitt an intoxicating liquor known as Jamaica ginger, and not for medical, mechanical, sacramental or scientific purposes, unlawfully and knowingly, or under circumstances from which he might deduce the intention of the purchaser to use the same as a beverage, the appellant was tried and found guilty, his punishment being fixed at a fine of one hundred dollars ($100.00) and confinement in the county jail for thirty days. He appeals, insisting that the verdict is not sustained by the evidence.

The only witnesses in this case were Wilse Pruitt, the purchaser of the Jamaica ginger, the sheriff of the county of Fulton, and the appellant. Pruitt testified that in the latter part of December, 1923, he bought from the appellant, who ran a little store, a bottle of Jamaica ginger, and at the same time a bottle of coca cola, both of which he carried out of the store and later mixed together and drank. The sheriff of the county testified that the general reputation of appellant among his neighbors and acquaintances, insofar as engaging in the illicit sale of Jamaica ginger was concerned, was bad. The appellant denied in his testimony that he ever sold Pruitt at any time any Jamaica ginger or coca cola, and stated that, so far as he could recall, Pruitt had never been in his store. He admitted, however, that he had sold a considerable amount of Jamaica ginger to various people at various times.

Although, in cases of this character, evidence of the bad reputation of the accused alone will not support a conviction, yet evidence of such reputation may be received as substantive evidence. Crawford v. Commonwealth, 198 Ky. 726.

Taking such evidence as given in this case and coupling it with the testimony of Pruitt that he bought the Jamaica ginger and coca cola at the same time, it was undoubtedly for the jury to say whether or not such a

sale under such circumstances was made under circumstances from which the appellant might reasonably deduce the intention of the purchaser to use the same in the making of a highball, and for a beverage.  Walker v. Commonwealth, 202 Ky. 831.

It is the province of the jury to weigh and pass upon conflicting evidence, and, if there is any evidence conducing to prove the guilt of the accused, it is the duty of the court to submit the same to the jury, which alone must determine the guilt or innocence of the defendant.  Sullivan v. Commonwealth, 201 Ky. 390.

The jury in this case having found the appellant guilty as charged, and no error appearing in the record, it is ordered that the judgment of the lower court be affirmed.

Judgment affirmed.