## Arbuckle v. Commonwealth.

(Decided December 2, 1924.)

### Appeal from Muhlenberg Circuit Court.

Intoxicating Liquors—Evidence Held to Support Conviction for Selling Intoxicating Beverage.—Evidence held to support conviction for selling intoxicating beverage, in violation of Rash-Gullion Act.

WILKINS & SPARKS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

The judgment against appellant, Arbuckle, finding him guilty of selling an intoxicating beverage in violation of the Rash-Gullion act and fixing his punishment at a fine of $300.00 and sixty days in jail, is assailed on this appeal as repugnant to the evidence.

Emery Strain was the chief witness for the prosecution and in substance testified that he went into the restaurant and soft drink stand of appellant Arbuckle and told appellant that he had been on a drunk and wanted something to sober up on, and asked Arbuckle if he had whiskey. The witness stated that appellant answered he did not have any whiskey but that he had "jake," meaning Jamaica ginger, a concoction containing 95% alcohol. The witness then bought a bottle of "jake" from appellant and received with it a bottle of coco cola with which he made a highball which the witness drank in the presence of appellant. Later the witness bought three other bottles of "jake" from appellant, paying him three ($3.00) dollars therefor. The evidence shows that the concoction sold by appellant to the witness was highly intoxicating. The circumstances under which it was sold, according to the evidence for the Commonwealth, clearly indicated that it was not to be used for legitimate purposes but for beverage purposes only.

Appellant testified in his own behalf, saying in substance that the sale of "jake" to the witness was not for beverage purposes; that he did not know or have reason to believe that the witness intended to use the Jamaica ginger for beverage purposes; that the witness did not

say to him that he had been on a drunk and wanted something to sober up on; and that he did not provide the witness a bottle of coco cola with which to make a highball.

Several other witnesses testified they did not hear the witness tell appellant he had been on a drunk and wanted something to sober up on, and some of them stated they did not see appellant furnish a bottle of coco cola to the witness.

In rebuttal the Commonwealth called two or three persons, including police officers of the town, to prove and did prove that appellant testified on the trial in the lower court that the witness came into his place and asked for orange peel and said he had been on a drunk and needed something to sober up on; and that appellant did not have it and that the witness later came back and bought some Jamaica ginger from appellant and made a highball. There was abundant evidence to support the verdict of the jury and the judgment of the court. There is no merit in appellant's contention that the evidence was insufficient to warrant a verdict of conviction.

Judgment affirmed.