## Partin v. Commonwealth.

(Decided January 12, 1926.)

Appeal from Bell Circuit Court.

Intoxicating Liquors—In Prosecution for Knowingly Selling Jamaica Ginger for Beverage Purposes, Evidence Held Insufficient to Warrant Submitting Case to Jury.—In prosecution under Ky. Stats., Supp. 1924, section 2554a-26, for knowingly selling Jamaica ginger for beverage purposes, evidence held insufficient to warrant submitting case to jury, where Commonwealth proved only that prosecuting witness bought one bottle of Jamaica ginger from defendant.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of knowingly selling Jamaica ginger for beverage purposes, and the insufficiency of the evidence is the principal ground urged for a reversal of the judgment. Jamaica ginger is one of the articles included in section 2554a-26, Kentucky Statutes, 1924, and the statute makes it an offense knowingly to sell such article for beverage purposes, or to sell same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for such purpose. Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61. We have ruled that the purchase of several bottles of Jamaica ginger at the same time, or the purchase of Coco Cola and a single bottle at the same time, or the purchase of a single bottle of a similar

article on several occasions within a short period of time was sufficient to take the case to the jury and sustain a judgment of conviction. Walker v. Commonwealth, 202 Ky. 831, 261 S. W. 598; Arbuckle v. Commonwealth, 205 Ky. 834, 266 S. W. 653; Cravens v. Commonwealth, 205 Ky. 738, 266 S. W. 625; Williams v. Commonwealth, 207 Ky. 807, 270 S. W. 61. In this case no prior purchases of appellant by the prosecuting witness were proved. It was not shown that he purchased the Jamaica ginger in connection with another beverage, or that he was in the habit of drinking Jamaica ginger or flavoring extracts for beverage purposes and that this habit was known to appellant. The Commonwealth merely proved that the prosecuting witness bought one bottle of Jamaica ginger from appellant, and we are constrained to the view that this alone was insufficient to take the case to the jury. Thompson v. Commonwealth, 202 Ky. 674, 261 S. W. 5. It follows that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.