### Fisher v. Commonwealth.

(Decided February 7, 1928.)

### Appeal from Trimble Circuit Court.

1.  Intoxicating Liquors.—Jamaica ginger is a proprietary "medicine," sale of which is permissible unless it is knowingly sold for beverage purposes, or sold under circumstances from which seller may reasonably deduce intention of purchaser to use it for such purpose.
2.  Intoxicating Liquors.—Evidence that defendants made five sales of Jamaica ginger within one month, that Jamaica ginger contained 95 per cent, alcohol, that purchaser from defendant was known to be an habitual drunkard, admitting use of ginger on some occasions for beverage purposes, and that defendant's reputation was bad for sale of intoxicating liquors held sufficient to authorize submission of unlawful sale of Jamaica ginger to jury and to sustain verdict.

EUGENE MOSLEY, Sr., for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

. OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Mike Fisher appeals from a conviction for the unlawful sale of Jamaica ginger, an intoxicating beverage. On

this appeal the only ground urged for reversal is that the verdict is not sustained by the evidence. As to this, Ben Callis states:

"In Trimble county within a year prior to the finding of the indictment in this case I bought from Mike Fisher, on different occasions, 5 bottles of Jamaica ginger within 30 days. I never at any time of these purchases bought any Coca-Cola or other drinks with it. I bought it for medicinal purposes. I took it to my room and used it. I may have used some of it for beverage purposes, but it was bought purely for medical purposes. Mr. Fisher understood that I was buying it for medical use."

It is further shown that Fisher's reputation was bad for the sale of intoxicating liquors, and that the witness Callis was an habitual user of intoxicants, and was known to be such in the community, and that Jamaica ginger is an intoxicating beverage containing 95 per cent, alcohol by volume. Fisher testified that he was and had been engaged in the grocery and meat business in Bedford, Ky., for about 16 years and in connection with his business sold different kinds of medicine such as are usually sold in stores, including Jamaica ginger. It was sold to be used only as medicine and never sold to Ben Callis or any one else for a beverage. On about 5 occasions Callis had purchased Jamaica ginger from him. Callis represented to him that he wanted it purely for medicinal purposes, and he understood that Callis was sick and suffering and sold it to him for that purpose only; that he never knew Callis was an habitual user of intoxicants and never sold him any Jamaica ginger for beverage purposes. Jamaica ginger is a proprietary medicine, the sale of which is permissible unless it is knowingly sold for beverage purposes, or sold under circumstances from which the seller may reasonably deduce the intention of the purchaser to use it for such purpose. Elliott v. Com., 194 Ky. 576, 240 S. W. 61. As stated in Partin v. Com., 212 Ky. 346, 279 S. W. 335:

"We have ruled that the purchase of several bottles of Jamaica ginger at the same time, or the purchase of Coca-Cola and a single bottle of Jamaica ginger at the same time, or the purchase of a single bottle of a similar article on several occasions within a short period of time was sufficient to take the case

to the jury and sustain a judgment of conviction. Walker v. Com., 202 Ky. 831, 261 S. W. 598; Arbuckle v. Com., 205 Ky. 834, 266 S. W. 653; Cravens v. Com., 205 Ky. 738, 266 S. W. 625; Williams v. Com., 207 Ky. 807, 270 S. W. 61."

Here there were 5 sales within one month of an article having a 95 per cent. alcoholic content and to a person who is shown by the commonwealth to be commonly known as an habitual drunkard, and who admits that he used the ginger on some occasions for beverage purposes, it being further shown that the defendant's reputation in reference to the matter involved is bad. Under the authorities above cited, this evidence was sufficient to authorize a submission of the case to the jury and is sufficient to sustain the verdict.

Wherefore perceiving no error, the judgment is affirmed.