## Gossett v. Commonwealth.
### (Decided June 14, 1938.)

216

R. C. TARTAR and LAWRENCE S. HAIL for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Buck Gossett has been convicted of the offense of possessing intoxicating liquor for the purpose of sale and his punishment fixed at a fine of $100 and imprisonment in the county jail for 30 days and he is here on motion for appeal.

In support of his motion and as grounds for reversal it is argued, (1) that the court erred in failing to instruct the jury to find him not guilty at the conclusion of the commonwealth's testimony, and (2) that the court failed to properly instruct the jury.

The evidence shows that officers who had stationed themselves near appellant's home and place of business in the nighttime saw Marshall Cundiff go down some steps toward the rear of appellant's place and in a short time return and drive off in his automobile. He apparently was followed by officers who later arrested him for speeding and who found a pint and one or two half pint bottles of whiskey in his possession. A number of witnesses testified to the bad reputation of appellant insofar as the possession and sale of intoxicating liquors was concerned. Marshall Cundiff testified that when the sale of liquor was legal he had purchased liquor at appellant's place; that he went to appellant's place on the night in question to see if he could secure some whiskey and when he called someone answered. He went by appellant's house some 35 or 40 yards to where he found three men, none of whom were appellant and all of them unknown to him; that he made in-

quiry about procuring some whiskey and was informed that they would furnish it to him; that one of them went off down to a hollow and was gone some minutes and when he returned he had the whiskey with him; that appellant's house was dark and that he did not see him in or about the place. Appellant testified that he was not at home on the occasion in question but that he and his wife had gone to a picture show; that he did not see Marshall Cundiff and did not sell him any liquor. It will therefore be seen that there is no evidence that appellant was present or that he sold or delivered any liquor to Cundiff.

While the evidence of defendant's bad reputation with respect to liquor violations is admissible as substantive evidence in cases of this character, it has been held that such evidence alone is insufficient to sustain a conviction. Cravens v. Commonwealth, 205 Ky. 738, 266 S. W. 625; Lakes v. Commonwealth, 200 Ky. 266, 254 S. W. 908. It has also been held by this court that a conviction for a criminal offense cannot be sustained by evidence amounting to nothing more than conjecture or suspicion. It is therefore apparent that in a prosecution for violation of liquor laws the defendant's bad reputation in that respect coupled with mere conjecture and suspicion is not sufficient to sustain a conviction. It is admitted in brief for the commonwealth that there is no evidence of substantive character to support the verdict and judgment, and our recital of the substance of the evidence will reveal that the attorney general and his assistants are correct in that conclusion.

Wherefore the motion for appeal is sustained, the judgment reversed and the cause remanded for a new trial and proceedings consistent with this opinion.