## De Attley et al. v. Commonwealth.

April 26, 1949.

Moore & Pittman for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Etta and Charles De Attley were convicted of having intoxicating liquor in their possession in local option territory for the purpose of sale, and the punishment of each was fixed at a fine of $100 and imprisonment in jail for thirty days. They assign three grounds for reversal of the judgment; 1. the verdict is not supported by the evidence; 2. the insufficiency of the affidavit upon which the search warrant was issued; 3. the court failed to properly instruct the jury. Since we have concluded that

the first ground is well-taken, it will not be necessary to consider the other two.

Appellants are husband and wife and operated a small country store in Casey County and lived in a room immediately adjoining the store. The sheriff, acting under a search warrant, found in a clothes closet in the couple's bedroom two pints of whiskey and a third pint bottle which was from a fourth to a half full. The search further revealed three cases of empty beer bottles and some empty beer cans which were found in an old building near the store, all but one room of which were unlocked and open to the public traveling the nearby road.

Both appellants testified that the whiskey belonged to the husband, who used it for medicinal purposes, and that it was not kept for sale. The uncontradicted testimony of the husband is that he bought the whiskey from a liquor store in Lexington. Dr. H. C. Dye testified Charles De Attley was a liquor addict and that when without it "he is wild with nervousness so I prescribed small quantities of it to settle his nerves." The doctor's testimony was weakened somewhat by the admission on cross-examination that he had served a prison term for distributing morphine illegally.

The only testimony introduced by the Commonwealth was that this small amount of whiskey and the empty beer bottles and cans were found when the search was made, followed by some eight or ten witnesses who testified that appellants' reputations for trafficking in intoxicating liquor were bad. It is provided in KRS 242.390 that the general reputation of a defendant for trafficking or keeping alcoholic beverages for sale in local option territory shall be admissible in evidence against him. However, we have held that although proof of defendant's bad reputation is admissible as substantive evidence in this character of case, it alone is insufficient to sustain a conviction. Cravens v. Com., 205 Ky. 738, 266 S. W. 625; Gossett v. Com., 274 Ky. 215, 118 S.W.2d 528.

In the instant case there was just a fraction over two pints of liquor found in appellants' possession and some empty beer bottles and cans. The uncontradicted testi-

mony was that the whiskey was for Charles De Attley's personal use and that the beer likewise had been for the personal use of his sister-in-law. While the jury is not compelled to accept the uncontradicted testimony of the accused as true, Dixon v. Com., 290 Ky. 469, 161 S.W.2d 913, yet where the surrounding circumstances tend to support him and practically the only damaging evidence the Commonwealth has introduced is that of the bad reputation of the accused, a verdict of guilty is not supported by the evidence. We have many times written that a conviction in a criminal case cannot be sustained by evidence amounting to no more than a conjecture or suspicion, and when the evidence produces no more than that, a verdict should be directed in favor of the accused. Gossett v. Com., 274 Ky. 215, 118 S.W.2d 528; Benge v. Com., 265 Ky. 476, 97 S.W.2d 51, and the many cases therein cited.

The judgment is reversed with directions that if another trial is had and the evidence is substantially the same as that given on the first trial, the court will direct a verdict in favor of both appellants.