# Adkins v. Commonwealth.

May 23, 1950.

E. B. Beatty, Judge.

Earl B. Rose and H. M. Shumate for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Sustaining motion for appeal and reversing judgment with directions.

Appellant, Ola Adkins, was convicted of the nuisance of wilfully and knowingly allowing and permitting intoxicating liquors to be kept and sold in a dwelling house owned and occupied by her in local option territory, an offense denounced by KRS 242.310. Her punishment was fixed at a fine of $45 and confinement in the county jail for sixty days. She moves for an appeal and asks that the judgment be reversed on two grounds: 1. The court erred in not directing a verdict in her favor; 2. she was entitled to an instruction submitting her affirmative defense.

It was stipulated that Lee County where the offense was alleged to have been committed was local option territory. Ulmer Coomer testified he bought a pint of whiskey from a young woman known as Sister Sloan, wife of Calvin Sloan and a daughter of appellant. No one was present in the house except Sister and her children, and the witness did not know whose house it was or who lived in it, but it was located on Lower Creek in Beattyville, in Lee County.

Two police officers, Earl Brandenburg and Green Kilburn, both testified appellant's reputation for dealing in liquor was bad. They further stated they did not know where appellant lived or who lived in the house in question.

William Lightfoot testified that appellant lived in the house on Lower Stufflebean Creek at the time mentioned in the evidence. On cross-examination he stated she had lived in a house on Lower Stufflebean and had lived in a house on the top of the hill known as the Tom Jett house, and the two houses were about a quarter of a mile apart.

Appellant testified that at the time in question she lived in the Jett house, and was not present when Coomer alleged he bought the whiskey, knew nothing about the sale and had no interest in the whiskey and was in Richmond, Ky., the day of the alleged sale. She further stated that the house in question was owned by her, but was occupied by Calvin Sloan and his wife at the time mentioned in the evidence, as she had bought it as a home for her daughter.

It is provided in KRS 242.390 that the general reputation of the accused for trafficking in or keeping

alcoholic beverages for sale in local option territory is admissible in evidence against her. We have held that although such proof is admissible as substantive evidence in this character of case, it alone is insufficient to sustain a conviction. DeAttley v. Com., 310 Ky. 112, 220 S.W.2d 106, and the authorities therein cited. To warrant a conviction for maintaining a liquor nuisance, the Commonwealth must prove the accused by her ownership or control of the premises was either maintaining the place or was connected with its maintenance in some way and knew its character. 49 C.J.S., Intoxicating Liquors, sec. 227 (b), p. 360.

In the instant case there was no evidence connecting appellant with the maintenance of this house or showing that she knew its character or that liquor was being sold in it. The only connection the record shows she had with the property is she bought it as a home for her daughter. Appellant did not live in the property. As was written in the DeAttley case, 310 Ky. 112, 220 S.W.2d 106, a conviction in a criminal case cannot be sustained when the proof amounts to no more than a suspicion or conjecture and in such instances the accused is entitled to a directed verdict.

The learned assistant attorney general who briefed this case for the Commonwealth was frank enough to admit that the judgment should be reversed. This is most commendable upon his part, as it is never the duty of a prosecuting officer in the trial court or in this one to insist upon a conviction when he knows that neither the facts nor the law justify the punishment of the accused.

It is difficult to conceive how the Commonwealth's evidence can be different on another trial of this case, therefore, we will not consume the time and space necessary to pass upon the second ground appellant is urging for reversal. The motion for an appeal is sustained and the judgment is reversed with directions that should there be another trial and should the evidence be substantially the same as that produced on this trial, the court will direct a verdict in favor of appellant.

Judgment reversed.