**BOWLING et al. v. COMMONWEALTH.**

Court of Appeals of Kentucky.

March 6, 1953.

Isaac Turner, Hyden, for appellants.

J. D. Buckman, Jr., Atty. Gen., G. R. Drinnon, Commonwealth's Atty., Middlesboro, C. W. Hoskins, County Atty., Hyden, John B. Browning, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Pearl Bowling, lessee, and Farmer Chappell, owner, of a restaurant building in the city of Hyden, appeal from a judgment which enjoined the operation of any business in the building for a period of six months, and which directed that the building be padlocked for that period. The injunction was suspended pending the appeal, by order of a judge of this Court.

The suit for an injunction was brought by the Commonwealth, on relation of the Commonwealth's attorney, against Bowling, as lessee, and against Farmer Chappell as owner of the building. The petition alleged that the premises were being used as a place for the sale of intoxicating liquors in dry territory, in violation of KRS 242.310, and that the premises also constituted a common-law nuisance in that gambling was

conducted therein, persons congregated there for the purpose of drinking alcoholic beverages, and loud and boisterous noises and conduct were permitted.

The appellants contend that the evidence does not support the judgment.

■ We agree that there was not sufficient evidence to establish that the premises were being used as a place for the sale of intoxicating liquors in violation of KRS 242.310. The only evidence as to sale of liquor was reputation evidence, which is not sufficient, by itself, to establish violation of the statute. De Attley v. Com., 310 Ky. 112, 220 S.W.2d 106; Adkins v. Com., 313 Ky. 110, 230 S.W.2d 453.

■ We think, however, that there was sufficient evidence to support the allegations of the petition that the premises were a common-law nuisance. In addition to evidence that the place had a bad reputation with respect to gambling and sale of liquor, there was testimony by law enforcement officers, and by private citizens, that on several occasions various persons were seen drinking liquor in the restaurant, and that persons under the influence of liquor were observed in the restaurant or in the process of leaving it. The county jailer testified that he had seen "people in there that was drinking and under the influence of intoxicating beverages." The sheriff testified that he had arrested people in the place for being drunk, stating, "Well I arrested everybody that I saw that was drunk." A deputy sheriff testified that he had arrested as many as five or six persons a day for being drunk in the restaurant. A city policeman testified (without objection) that on one occasion he saw some men come out of the back room of the restaurant and they told him they had been gambling there. The defendant Bowling admitted that on several occasions it had been necessary for him to call the police in order to remove some offensive drunks.

The evidence, as a whole, warrants the conclusion that the place was a common nuisance.

■ The appellants make some contention that Chappell, the owner of the premises, was never served with process. As-

suming that Chappell was not properly made a party, that fact would not require a reversal of the judgment so far as it affects Bowling. Com. v. Covington, 313 Ky. 458, 231 S.W.2d 67; Collett v. Com., 311 Ky. 218, 223 S.W.2d 877.

■ As a matter of fact, the record shows that Chappell entered his appearance by joining in pleadings and motions, so the claim of failure of service of process is not available to him.

The judgment is affirmed.