Noby NOLAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Charles C. Smith, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Noby Nolan, was convicted of the offense of possessing alcoholic beverages for the purpose of sale in dry local option territory. His punishment was a fine of $100 and sixty days in jail.

On the night of May 15, 1959, two state troopers, two constables and one city policeman searched the home of appellant under a search warrant, and found three cans of beer on the outside of the house and twelve cans of beer in the basement.

At the trial of the case the commonwealth introduced a state trooper, two constables and the city policeman of Manchester, all of whom testified that they had searched the premises and found the cans of beer. Each one also testified that the reputation of appellant for dealing in intoxicating liquors was bad. Thereupon the commonwealth rested.

Appellant Nolan testified that he did not know any beer was at his home at any time prior to the search, that it was not his, and was not stored in his home for the purpose of sale.

Boyd Nolan testified that he was a single man, employed at Georgetown, who came back to his father's home almost every week-end. That on the date of the search, while returning home, he stopped in Richmond where he bought one case of beer at a licensed dispensary for his own use. That he took it to the basement of his father's home where he, his brother-in-law, Sam Adams, Raleigh Webb and Thadeous Webb drank nine cans of beer and left the remainder in the basement. That his father did not know the beer was in his house and had no interest in the beer whatsoever.

Thadeous Webb and his brother Raleigh both testified that they had been employed by appellant to dig a ditch from the Nolan house to the creek and that at about three or four o'clock p. m. Boyd Nolan arrived home in his automobile, took a case of beer out of the car and put it in the basement where he and the others later drank a portion of it. It was remarked that the Nolan house was built on a hillside—the entrance

to the living quarters was on the upper side of the house and the entrance to the basement was from a lower ground level. Raleigh Webb also testified that appellant Noby Nolan was never present at any time and did not know that the beer was either stored or consumed in his home.

Sam Adams' testimony was similar.

A daughter, Cleo Nolan, corroborated the others and accounted for the three cans of beer being found in the yard by stating that when the raiding officers came that night she threw the three cans that were on the porch into the yard near the house.

■ It was pointed out in De Attley v. Commonwealth, 310 Ky. 112, 220 S.W.2d 106, 107, and cases cited therein that although proof of defendant's bad reputation is admissible as substantive evidence in cases of this character (KRS 242.390) it alone is insufficient to sustain a conviction.

■ It was said:

"In the instant case there was just a fraction over two pints of liquor found in appellants' possession and some empty beer bottles and cans. The uncontradicted testimony was that the whiskey was for Charles De Attley's personal use and that the beer likewise had been for the personal use of his sister-in-law. While the jury is not compelled to accept the uncontradicted testimony of the accused as true, Dixon v. Com., 290 Ky. 469, 161 S.W.2d 913, yet where the sourrounding circumstances tend to support him and practically the only damaging evidence the Commonwealth has introduced is that of the bad reputation of the accused, a verdict of guilty is not supported by the evidence. We have many times written that a conviction in a criminal case cannot be sustained by evidence amounting to no more than a conjecture or suspicion, and when the evidence produces no more than that, a verdict should be directed in favor of the accused. Gossett v. Com., 274 Ky. 215, 118 S.W.2d 528; Benge v. Com., 265 Ky. 476, 97 S.W.2d 51, and the many cases therein cited."

The judgment is therefore reversed with directions that if another trial is had and the evidence is substantially the same as that given on the first trial the court will direct a verdict in favor of appellant.