Lacy **HELVEY**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Francis Dale Burke, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Lacy Helvey was found guilty of illegally possessing alcoholic beverages in local option territory for the purpose of sale. His punishment was fixed at a $100 fine and 30 days in jail. KRS 242.230(1) and 242.-990(1). He moves for an appeal pursuant to KRS 21.140(2).

 In his opening statement to the jury the attorney for the Commonwealth disclosed that the case for the prosecution would consist of proof that on January 10, 1964, a state ABC officer accompanied by a state trooper went to Helvey's home in Pike County and bought some whiskey from him. Counsel for the defense moved that the statement be stricken and the jury discharged on the ground that illegal possession and illegal sale are separate offenses, neither of which may be used as evidence to prove the other.

Helvey denied having sold any liquor at all. He testified that on the next day after January 10, 1964, his home was searched pursuant to a warrant but that nothing was found. This is the event, he contends, on which he expected the prosecution to be founded. On the other hand, since the search had not resulted in any incriminating evidence it is difficult to believe that he actually thought the prosecution would be based on it.

It was held in Newton v. Commonwealth, 198 Ky. 707, 249 S.W. 1017 (1923), that selling and possession for sale are separate offenses if committed at different times, but that one cannot be convicted of both if the possession is only that which he had incident to and at the time of the sale. This, however, is quite a different matter from proof of a sale as evidence to sustain a charge of illegal possession. There is no rule against that. It may be that Helvey anticipated some other kind of evidence, but it can hardly be denied that none could have had more relevance and probative force than proof of an actual sale.

A second count of the indictment alleged that in 1960 Helvey had been convicted in a magistrate's court of a similar offense. The attempt to prove this allegation failed because of the inadequacy of the magistrate's records, hence the instructions given by the trial court did not authorize a second-offense conviction. Meanwhile the jurors heard the magistrate testify that Helvey had been convicted in his court on a guilty plea and had been fined, but there was no motion for a mistrial. Under the circumstances we cannot say the appellant was deprived of a fair trial.

The judgment is affirmed.