**Roy McMILLAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

Francis D. Burke, Burke & Justice, Pikeville, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant was convicted of possession of alcoholic beverages in local option territory for the purpose of sale. He had been twice previously convicted for similar violations of the local option law.

On February 11, 1967, a state trooper who testified at the trial, called at the trailer where appellant lived. Appellant and another unidentified man came to the door. The trooper purchased four cans of beer from the unidentified man in the presence of appellant. As a result of this transaction, an affidavit was duly made by the trooper and a search warrant was issued for the premises. On February 12, 1967, pursuant to the search warrant, a search of the trailer was made which disclosed ten and one-half pints of liquor. It was proved at the trial that appellant had a bad reputation for trafficking in alcoholic beverages. The jury found the appellant guilty of a third offense and fixed his punishment at one year in the penitentiary.

■■ His sole contention upon this appeal is that it was prejudicial error for the trial court to admit into evidence testimony relating to the sale made on the night of February 11, since the trial was for illegal possession based upon the evidence found as the result of the search. He contends that the sale was an illegal act for which he could have been charged and tried, therefore, the evidence of this act can not be used against him on a charge of illegal possession of the beverages. With this contention, we have previously disagreed and still disagree. In Helvey v. Commonwealth, Ky., 396 S.W.2d 780, we pointed out that selling and possession for sale are separate offenses if committed at different times. One cannot be convicted of both if the possession is only that which he had incident to the sale and at the time of the sale. The opinion continues:

"This, however, is quite a different matter from proof of the sale as evidence to sustain a charge of illegal possession.

*There is no rule against that."* (Emphasis added).

There is no better evidence that liquor is possessed for the purpose of sale than showing that it was actually sold. We can perceive of no reason why the charge of illegal possession can not be substantiated by proof that the act of selling was committed.

The judgment is affirmed.

All concur.