Lawrence (Fats) SPEARS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 1, 1970.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

John Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Lawrence (Fats) Spears appeals from a judgment imposing punishment of a fine of $100 and a 30-day term in jail, upon his conviction of possession of intoxicating liquors for purpose of sale in dry territory. He maintains that (1) the evidence obtained upon a search of his premises should not have been admitted because the affidavit for the search warrant was defective; (2) the evidence of possession of liquor was insufficient to sustain a conviction; and (3) evidence of a transaction of sale of liquor from the defendant's premises, a few hours before the search, improperly was admitted.

■ In the descriptive part of the affidavit for the search warrant the premises to be searched were described as being located at "West Somerset." The appellant contends that the description was defective in failing to designate that West Somerset is situated in Pulaski County, Kentucky. There is no merit in the contention because the concluding words of the affidavit were that "intoxicating liquor * * * is being kept or stored *on above described property* for the purpose of sale and *this being in Pulaski County, Ky. * *"* (our emphasis).

■ The only whiskey actually found by the searching officers in the appellant's possession consisted of a few drops in the bottoms of four labeled whiskey bottles. The appellant argues that this was insufficient evidence on which to base a conviction. However, the testimony of the officers was that as they approached the appellant's house, his two teen-age daughters ran into the house and into the bathroom, which they locked. After the officers had entered the house they heard pouring noises from the bathroom and the sound of the toilet being flushed, and they smelled the strong odor of whiskey emanating from the bathroom. After the girls left the bathroom the almost empty bottles were found there. Obviously this circumstantial evidence was sufficient to sustain the conviction.

■ An officer testified that around 3:45 a. m. on the day on which the search later was made, he and another officer went to the appellant's home with a boy they had "picked up." In an automobile outside the house, the officers gave the boy a $5.00 bill; the boy "got out of the car and walked up to the front door on the porch and in the front door and then he came back out with one pint of whiskey." The appellant maintains that the admission of this testimony was improper for two reasons, the first being that the evidence did not show from whom the whiskey was purchased or even that a sale of whiskey was in fact made. We think the point is not well taken, because the evidence did show by reasonable inference a sale of liquor inside the appellant's home, from which possession of liquor by the defendant could be inferred. The other ground of objection to the testimony is that it showed another, distinct and separate crime. The ground is not sustainable, because it is a well established rule that evidence of a specific sale is admissible to sustain a charge of possession with intent to sell. See Hammons v. Commonwealth, Ky., 252 S.W.2d 51; Helvey v. Commonwealth, Ky., 396 S.W.2d 780.

The judgment is affirmed.

All concur except NEIKIRK, J., who did not sit.