**Ernest P. GRACE and Kathryn Grace, his wife, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, by and on relation of H. M. GRIGSBY, County Attorney, Appellees.**

Court of Appeals of Kentucky.

March 15, 1974.

Robert M. Spragens, Lebanon, for appellants.

H. M. Grigsby, Springfield, John B. Breckinridge, Atty. Gen., Frankfort, for appellees.

REED, Justice.

Ernest P. Grace, whose nickname, according to the record, is "Goat", and his wife, appeal from a judgment of the circuit court declaring premises owned and occupied by them and known as Blue and White Restaurant to be a nuisance as defined by KRS 242.310(1) and ordering the property padlocked for a period of six months pursuant to KRS 242.350(2). Chapter 242 of the Kentucky Revised Statutes is the so-called local option law and pertains to the regulation of sale of alcoholic beverages. The Graces assert that

the final judgment prohibiting occupation or use of the premises for six months was erroneous because it was not supported by proper evidence. We agree and conclude that we must set aside the judgment for the reasons later stated.

We have examined the transcript of testimony and find that the only evidence presented to support the judgment consisted of testimony by local officials that the reputation of the premises for illegal sales of alcoholic beverages in dry territory was bad.

KRS 242.390 provides that in any action for violation of Chapter 242 the general reputation of the defendant for being engaged in selling alcoholic beverages shall be admissible in evidence against him. The prosecution's testimony was confined to the reputation *of the premises* and not to the reputation *of the defendants*. None of the witnesses testified concerning any illegal conduct by the defendants. None of them had ever purchased liquor at the premises or seen it sold there.

▉ The only claim made by the Commonwealth in the proceedings was that the premises constituted a statutory nuisance under the definition of KRS 242.310 because of the use of the premises for selling intoxicating liquors in dry territory. If it be conceded that reputation evidence of the defendants and also of the premises was admissible, such reputation evidence alone is insufficient to establish violation of the statute that defines the nuisance. See Bowling v. Commonwealth, 255 S.W. 2d 984 (Ky.1953). There was no attempt to prove a common law nuisance as was successfully accomplished in Bowling.

We conclude that the evidence for the prosecution was legally insufficient and the circuit court erred in adjudging that the defendants had violated the statute and rendered the premises a statutory nuisance.

The judgment is reversed.

All concur.