**James Ralph HOWARD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1977.

Jack Emory Farley, Public Defender, Larry H. Marshall, Asst. Public Defender, Com. of Kentucky, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and WHITE and LESTER, JJ.

WHITE, Judge.

Appellant was convicted of illegally transporting alcoholic beverages in local option territory, second offense. KRS 242.-230, KRS 242.990. His punishment was assessed at a fine of $40 and imprisonment for 60 days; he prosecutes this appeal.

On January 15, 1976, Trooper H. L. Howard, while patrolling Kentucky Highway 221 in Harlan County, Kentucky, met the vehicle driven by appellant. The trooper recognized the appellant and the vehicle as being the same he had previously stopped for transporting alcoholic beverages. We quote a part of the evidence as follows:

18  And what did you do after you stopped his car?

A  When I met Mr. Howard I recognized who it was. I turned and I got behind

him and stopped him and checked his operator's license and his vehicle was sitting low in the back. I had stopped him before in this same vehicle for transporting alcoholic beverages.

MR. JACK STEPHENSON: I'll object, Your Honor.

THE COURT: Overruled. Is that the reason why you stopped him on this occasion?

A Yes, sir.

THE COURT: All right, Proceed. The objection is overruled.

A After I stopped him and checked his operator's license, I asked him if I could look in his trunk and he said, "Yes." He got out and opened his trunk for me and there was five cases of beer in the trunk, two cases of twelve ounce bottles of Miller beer and three cases of sixteen ounce cans of Pabst Blue Ribbon beer.

No motion was made at any time to suppress the evidence. A stipulation was entered that appellant had previously been convicted of transporting alcoholic beverages in local option territory, from which no appeal had been taken and which judgment had been satisfied. The prior conviction was more than 14 months before the arrest of the present charge. The appellant's testimony, together with that of his other witnesses, was to the effect that appellant had pooled money with others to buy the beer for a party for all of them.

Appellant, at the conclusion of all the testimony, moved the court for a directed verdict in his favor. After the verdict of the jury was returned, appellant also moved the court for judgment notwithstanding the verdict. Both motions were overruled.

■ Appellant contends that his vehicle was illegally searched because there was no probable cause for the stopping. From a review of the meager testimony in this case it appears that there is merit in this argument. There are a number of late holdings that discuss the subject of search and seizure without a warrant. It is quite true that before a warrantless search will be upheld, it must fall within one of four carefully drawn exceptions: a search incident to a lawful arrest; a plain view search; a consent search; or a probable cause search. Where a warrantless search and seizure cannot be justified under one of these theories, both the testimony and the items seized must be excluded from evidence. *Shanks v. Commonwealth*, Ky., 504 S.W.2d 709 (1974); *Johns v. Commonwealth*, Ky., 394 S.W.2d 890 (1965); *Pennington v. Commonwealth*, Ky., 429 S.W.2d 364 (1967).

In *Pennington v. Commonwealth, supra,* the court therein said:

> The law of this jurisdiction as it relates to the search of an automobile upon arrest for a traffic violation was reviewed by this court in *Commonwealth of Kentucky v. Robey*, Ky., 337 S.W.2d 34. There we held under section one of the Kentucky Constitution a police officer may not without proper justification stop a motorist and that if he does stop a motorist without a *bonafide cause* any evidence obtained as a result of the stopping should be considered as having been illegally obtained and inadmissible (emphasis added).

It was further held in the case of *Commonwealth v. Hagan*, Ky., 464 S.W.2d 261 (1971):

> We know of no reason why a peace officer should not be permitted to stop any vehicle on the highway at any time for *any reasonable purpose* [emphasis added].
>
> . . .
>
> If, at that time, the officer believes that a misdemeanor has been committed in his presence on the basis of what he sees and hears, . . . he may place him or them under arrest and may forthwith proceed to search the automobile incident to the arrest. Here we would except traffic violations. We have long adhered to the rule that an arrest for a minor traffic violation does not justify a complete search. See *Johnson v. Commonwealth*, Ky., 443 S.W.2d 20.

■ From a review of the testimony of Trooper Howard it is quite evident that he had neither a "bonafide cause" nor "any reasonable purpose" when he overtook and

stopped the appellant. At best he had but a mere suspicion in that he "had stopped him before in this same vehicle for transporting alcoholic beverages." Neither suspicion nor bad reputation, standing alone, will warrant a conviction. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Adkins v. Commonwealth*, 313 Ky. 110, 230 S.W.2d 453 (1950); *DeAttley v. Commonwealth*, 310 Ky. 112, 220 S.W.2d 106 (1949).

█ We conclude that the arresting officer had no probable cause for stopping the appellant and, even if he had stopped him solely to check his driver's license, would not have been privileged to search the vehicle for a minor traffic violation. *Commonwealth v. Hagan, supra.*

█ It has been held that a large quantity of alcoholic beverages in the possession of a defendant may give rise to an inference that the alcoholic beverages are possessed for the purpose of sale or some other illicit purpose. *Johnson v. Commonwealth*, Ky., 509 S.W.2d 274 (1974); *Smith v. Commonwealth*, Ky., 467 S.W.2d 606 (1971). We are not willing to concede, in the absence of proof of sale or intention to sell, that the mere possession of five cases of beer can be construed as a *large quantity* so as to raise such an inference here.

There is no evidence in this case that the appellant had made a sale or intended to sell the alcoholic beverages confiscated. In fact, he testified that "[a]fter I got caught the first time I never fooled with it no more." This was not contradicted in any way.

We do not rule on the appellant's other contentions since the judgment, for the above reasons, is reversed.

MARTIN, C. J., concurs.

LESTER, J., concurs by separate opinion.

LESTER, Judge, concurring.

I concur in the foregoing opinion and reasoning but several points are deserving of comment.

This case involves the so-called "local option laws" and in spite of the moral wrongs they were designed to correct, no set of statutes have generated more criminal offenses than these, to say nothing of the revenues lost to the Commonwealth. Compare with the national fiasco between the adoption and repeal of the Eighteenth Amendment to the United States Constitution. I do not believe this was the intention of the legislature. It would be difficult, if not impossible, to calculate the cost to the state in the areas of law enforcement and judicial expense involved in their administration.

If the appellant's conviction were allowed to stand, a situation not raised in the briefs should be considered in that if one has ever been convicted of a violation of the chapter under our perusal, then he would be forever barred from transporting in his own home "dry county" so much as six cans of beer to use in his domicile for an occasional guest who might visit his house, for it has to be recalled that the beverage cannot be in his possession for the purposes of giving it away. I do not conceive this to be the intention of the legislature or that the framers of this archaic law.