**Fred G. SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 9, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 29, 1986.

Marie Allison, Asst. Public Advocate, Frankfort, for appellant.

David Armstrong, Atty. Gen., Christopher Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before McDONALD, COOPER and DUNN, JJ.

DUNN, Judge.

Fred G. Smith appeals from his conviction in the Clay Circuit Court of the offenses of tampering with physical evidence and of possession of alcoholic beverages for sale for which he was sentenced to concurrent sentences of one year and of sixty days respectively and fined $40.00.

He raises four issues. The first is that the court erred in failing to direct a verdict of acquittal due to the lack of sufficient evidence to justify a conviction. For this proposition, he cites *Howard v. Commonwealth*, Ky.App., 558 S.W.2d 643 (1977), which held that the possession of

merely five cases of beer could not give rise to the inference that they were possessed for the purpose of sale or some other illegal purpose. In the case under consideration, we are dealing with 48 cans of beer, five pints of whiskey, and one pint of vodka which were seized by the officers. It is to be distinguished, however, from the *Howard* case. Here, as in the case of *Spears v. Commonwealth*, Ky., 453 S.W.2d 554 (1970), other circumstances are involved. Specifically, just as in the *Spears* case, there was an apparent attempt to destroy the evidence. This constitutes circumstantial evidence that the alcoholic beverages were possessed for an illegal purpose. That proof, along with proof of appellant's prior guilty plea to a similar offense, was sufficient to overcome a directed verdict and to give the case to the jury. It was also sufficient to sustain the jury's verdict of conviction.

 The second issue raised deals with a comment by the prosecutor in his closing argument as to the appellant's failure to state at any time that the alcoholic beverages seized were for his own personal use. The appellant argues that this denied him his constitutional privilege against self-incrimination. In determining whether such error was prejudicial or harmless, we must examine the entire situation. *Blake v. Commonwealth*, Ky., 646 S.W.2d 718 (1983). First, the appellant produced no defense. Second, by virtue of the statute involved, KRS 242.230, appellant had the burden of proving that the alcoholic beverages in his possession were lawfully acquired and intended for lawful use in dry territory. In the present case, considering the failure of the defendant to meet this burden, together with the substantial amount of evidence against him, and the context under which the comment was made, we hold that the error resulting, if any, was harmless.

Next, appellant argues that the two offenses of which the appellant was charged, tampering with physical evidence and possession of alcoholic beverages, constitute double jeopardy or unfair or oppressive prosecution under KRS 505.020. We hold that these are clearly separate criminal statutes, and they do not constitute double jeopardy.

Finally, appellant's argument that, since he failed to completely destroy the alcoholic beverage evidence, the instruction should have been confined to "attempted" tampering rather than "tampering" is without merit. The tampering statute clearly provides for all degrees of destruction of evidence, including mutilation, alteration and attempted tampering.

The judgment of the Clay Circuit Court is AFFIRMED.

All concur.