**Roy Dale RICHARDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–CA–003050–MR.

Court of Appeals of Kentucky.

March 6, 1998.

Discretionary Review Denied Oct. 7, 1998.

Russell J. Baldani, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Michael L. Harned, Assistant Attorney General, Frankfort, for Appellee.

Before EMBERTON, HUDDLESTON and SCHRODER, JJ.

## OPINION

EMBERTON, Judge.

Roy Dale Richardson brings this appeal from the final judgment of the Madison Circuit Court sentencing him to serve seven and one-half years on a conditional plea of guilty to the offenses of possession of a controlled substance (cocaine), trafficking in marijuana, driving under the influence, and persistent felony offender, second degree. Appellant challenges the circuit court's denial of his motion to suppress all evidence seized at the time of his arrest. We affirm.

Testimony presented at the suppression hearing revealed that on January 29, 1995, Kentucky State Trooper Stewart Adams responded to a citizen complaint concerning a possible intoxicated driver on Interstate 75 in Madison County, operating a gray Honda Accord with license plate number WGJ–385. Adams located the vehicle as it exited the interstate. He stopped the vehicle after observing it weaving and crossing the center line several times and failing to use an indicator to signal two turns. Upon appellant, who was the only occupant of the vehicle, lowering his window Adams smelled marijuana and alcohol. The appellant appeared obviously impaired. He was unable to produce his license, his speech was slurred and slow, and he lost his balance when he tried to walk. Adams stated that he intended to arrest appellant but that first he attempted to administer a field sobriety test. On four occasions he asked appellant to remove his hands from his pockets but on each occasion appellant would again reach his hands into his pockets, and each time Adams heard plastic rustling when appellant reached into his pocket. Concerned over appellant's agitation, Adams asked if appellant had a weapon. Although he claimed he did not, Adams advised appellant that he needed to check for his own safety. He proceeded to pat-down for weapons and as he patted appellant's left coat pocket he felt wadded up squishy objects that he immediately identified as plastic baggies. Based on the appellant's behavior, the fact he smelled marijuana in the car, and his knowledge, gained through his experience as a police officer, specifically that drug dealers and users package marijuana and other controlled substances in plastic baggies, Adams was "one-hundred percent sure" that the packages contained marijuana. He removed the baggies from appellant's pocket, and they indeed did contain marijuana residue. A search of appellant's remaining pockets produced additional marijuana and fourteen baggies of cocaine. Appellant was then arrested.

The trial court denied the motion to suppress on the grounds that: (1) the drugs would have been discovered in a search incident to appellant's arrest even if Adams had not searched the pocket after the pat-down; and (2) the police officer had probable cause to search appellant based upon his smelling marijuana in the car and his knowledge that baggies are commonly used to package controlled substances and marijuana.

On appeal, appellant does not challenge the propriety of the initial stop or the limited pat-down for weapons. Instead, he maintains the search exceeded the scope of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that it was transformed into an exploratory search for contraband in violation of the Kentucky and United States Constitutions. *See Bays v. Commonwealth*, Ky., 486 S.W.2d 706 (1972).

■ In order for a warrantless search to be upheld, it must fall within one of four exceptions: (1) a consent search; (2) a plain view search; (3) a search incident to a lawful arrest; or, (4) a probable cause search. *Howard v. Commonwealth*, Ky.App., 558 S.W.2d 643, 644 (1977).

In *Commonwealth v. Crowder*, Ky., 884 S.W.2d 649 (1994), the Kentucky Supreme Court examined the "plain feel" rule adopted by the United States Supreme Court in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The *Crowder* court concluded that the plain feel rule does not violate Section 10 of the Kentucky Constitution and that a "narrowly drawn exception to the warrant requirement is appropriate when: (1) the requirements of *Terry* are otherwise complied with; and (2) the non-threatening contraband is *immediately apparent* from the sense of touch." *Id.* at 651. (Emphasis original).

Appellant concedes the validity of the stop and the limited pat-down search. However, he points out that Trooper Adams dispelled any notion that his pocket contained a weapon and that since the baggies contained only residue, not discernable to the touch, Adams cannot reasonably claim he felt an object he immediately identified as contraband. Accordingly, he argues the non-threatening contraband should have been suppressed. If the legitimacy of the search and seizure depended solely on the plain feel rule sanctioned in *Dickerson* and *Crowder*, we might agree. However, as the trial court determined, there was independent probable cause justifying the search.

■ When a pretrial suppression hearing is held to determine the admissibility of evidence obtained during a warrantless search, the trial court's findings of fact are conclusive if they are supported by substantial evidence. Ky. R.Crim. P. (RCr) 9.78; *Canler v. Commonwealth*, Ky., 870 S.W.2d 219 (1994). In *Ornelas–Ledesma v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), the United States Supreme Court enunciated a new standard of appellate court review of a trial court's suppression rulings on investigative stops and warrantless searches. Rejecting a "clear error" or "abuse of discretion" standard, the *Ornelas* court concluded:

[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

___ 517 U.S. at 698–700, 116 S.Ct. at 1663, 134 L.Ed.2d 911. *See also United States v. Roark*, 36 F.3d 14 (6th Cir.1994). *Cf. Clark v. Commonwealth*, Ky.App., 868 S.W.2d 101 (1993).

■ The flexibility of the probable cause standard cannot be ignored.[1] *Ornelas* recognized that police officers may draw inferences of illegal activity from facts that may appear innocuous to a layman and that reviewing courts should give due weight to the trial court's assessment of the officer's credibility and the reasonableness of the inference. Mindful of the applicable standard, we have examined the totality of the circumstances surrounding the appellant's detention, search, and arrest, and we conclude the trial court was correct in finding that probable cause existed to conduct a search of appellant's person. Moreover, there existed probable cause for an arrest. In fact, Adams maintained he already had decided to arrest the appellant. As noted by the trial court, a search and seizure incident to appellant's lawful arrest inevitably would have produced the contraband. The fact that Adams had not placed appellant under formal arrest prior to seizing the plastic baggie does not taint the validity of the seizure. *See Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65

---

1. As stated in *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983): [T]he [United States Supreme] Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that facts available to the officer would 'warrant a man of reasonable caution in the belief,' *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime: it does not demand any showing that such belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required. *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949).

L.Ed.2d 633 (1980), and *Baker v. Common-wealth,* Ky., 860 S.W.2d 760 (1993).

The judgment is affirmed.

All concur.